**PM MANAGEMENT–WINDCREST NC, LLC d/b/a Trisun Care Center Windcrest, Appellant,**

v.

**Ana SANCHEZ, as Personal Representative of Maria Gonzalez, Appellee.**

**No. 04–07–00640–CV.**

Court of Appeals of Texas, San Antonio.

Feb. 27, 2008.

Emily J. Davenport, Davis & Wilkerson, P.C., Austin, TX, for Appellant.

Edward Sargologos, Law Office of Edward Sargologos, San Antonio, TX, for Appellee.

Sitting: SANDEE BRYAN MARION, Justice, PHYLIS J. SPEEDLIN, Justice, STEVEN C. HILBIG, Justice.

## OPINION

Opinion by: SANDEE BRYAN MARION, Justice.

This is an interlocutory appeal from the trial court's order granting appellee an extension of time to file an expert report, and implicitly denying appellant's motion to dismiss. Because we conclude the trial court erred in allowing appellee additional time in which to file her expert report, we reverse and remand.

## BACKGROUND

Maria Gonzalez was admitted to Trisun Care Center Windcrest for nursing, rehabilitation therapy, and convalescent care. In the underlying medical malpractice lawsuit, appellee Ana Sanchez, as Personal Representative of Maria Gonzalez, asserts appellant, PM Management–Windcrest NC, LLC d/b/a Trisun Care Center Windcrest ("Trisun"), did not provide proper care, allegedly causing Ms. Gonzalez's hip to shrink and require additional surgery.

Sanchez filed suit on March 29, 2007; however, she was unable to effectuate service on Trisun because Trisun had not provided the Secretary of State with the name of its registered agent. On May 11, 2007, Trisun's attorney agreed to accept service, and on May 14, 2007, Trisun filed its answer. On July 2, 2007, Trisun provided the correct information regarding its registered agent to the Secretary of State. Because Sanchez filed her original petition on March 29, her expert report was due 120 days later, on July 27, 2007. On August 6, 2007, Trisun moved to dismiss, arguing that Sanchez failed to serve her expert report within 120 days of filing her petition as required by Texas Civil Practice and Remedies Code section 74.351. On August 21, 2007, Sanchez filed a motion to extend time to file her report, arguing good cause existed to extend the 120–day deadline because Trisun violated state law

by not having a registered agent. The trial court granted the extension and implicitly denied Trisun's motion to dismiss. This appeal by Trisun ensued.

"In a health care liability claim, a claimant shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one or more expert reports...." *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a) (Vernon Supp.2007). Section 74.351 clearly requires that the expert report be filed within 120 days of the *filing date of the original petition.* The date for serving the report may be extended by agreement of the parties or the court may grant an extension to cure a deficiency in an existing report. *See id.* § 74.351(a), (c). Here, the parties reached no agreement extending the time to file the report and there was no expert report to be found deficient and thus necessitating an extension. "Unlike when a report is given to the defendant but is deficient, when *no expert report* is served within 120 days of filing the claim, a trial court has no authority to grant an extension." *Garcia v. Marichalar,* 185 S.W.3d 70, 74 (Tex.App.-San Antonio 2005, no pet.) (emphasis in original); *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a)-(c). Because no expert report was timely served, the trial court was required to dismiss Sanchez's claim with prejudice. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(b).

## CONCLUSION

We reverse the trial court's order granting the extension of time. In accordance with TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(b), we must also remand this matter to the trial court with instructions to award to Trisun any reasonable attorney's fees and costs of court it incurred

and to dismiss with prejudice Sanchez's claims against Trisun.