COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| DAVID GAJEWSKI, M.D., | § | |
| | | No. 08-11-00005-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 112th District Court |
| | § | |
| BILLY W. JACKSON, | | of Pecos County, Texas |
| | § | |
| Appellee. | | (TC# 11210) |
| | § | |

**O P I N I O N**

Dr. David Gajewski, M.D. appeals the trial court's order denying his motion for dismissal with prejudice on the basis that claimant, Mr. Billy Jackson, failed to file a medical expert report in accordance with Section 74.351 of the Texas Civil Practice and Remedies Code. Dr. Gajewski raises two issues on appeal. In Issue One, Dr. Gajewski contends that the trial court abused its discretion by denying the motion, as Mr. Jackson failed to provide a medical expert report before Section 74.351(a)'s deadline. In Issue Two, the doctor argues that the trial court abused its discretion because the report was insufficient to constitute a medical expert report as defined by the statute.

On April 28, 2008, Mr. Jackson injured his foot when his ultra-light airplane crashed outside Fort Stockton, Texas. He sought medical attention in the emergency room at Pecos County Memorial Hospital, where his foot was examined and treated by Dr. Gajewski. After examining the foot and several x-rays, Dr. Gajewski prescribed pain medication, and advised Mr. Jackson to follow-up with his regular physician the following day for further treatment.

Dr. Gajewski provided no further treatment to Mr. Jackson.

Mr. Jackson filed a health care liability suit against Dr. Gajewski on April 27, 2010. Mr. Jackson alleged that the doctor had been negligent in the care and treatment of his foot, specifically by failing to recognize that the severity of the injury required treatment by an orthopedic specialist. By failing to identify the severity of damage to his foot, Mr. Jackson claimed that Dr. Gajewski's negligence caused him to suffer exceptional and unnecessary pain, tissue damage, and partial, but permanent loss of function in the foot. After several failed attempts, Mr. Jackson served Dr. Gajewski with process on October 5, 2010. On October 20, 2010, 176 days after filing his petition, Mr. Jackson served the doctor with a medical expert report written by Dr. Cecil R. George, who had been Chief of Staff at Pecos Memorial Hospital at the time Mr. Jackson's foot was treated. The initial report did not include Dr. George's curriculum vitae, which was forwarded to Dr. Gajewski by mail November 12, 2010.

On October 26, 2010, Dr. Gajewski filed a motion to dismiss the case on the ground that Mr. Jackson failed to timely provide an expert report and curriculum vitae, as required under Section 74.351 of the Texas Civil Practice and Remedies Code. Mr. Jackson responded by reciting the facts surrounding his attempts to locate and serve the doctor with process, and argued that pursuant to principles of statutory construction his failure to serve the report with the 120-day deadline was excused by a "due diligence" exception, which he represented was inherent in the language of Section 74.351. In an amended motion to dismiss, Dr. Gajewski reasserted his argument that the case should be dismissed for failure to timely serve the report. In the alternative, the doctor argued the report was deficient due to the omission of Dr. George's curriculum vitae, challenged Dr. George's qualifications to render an expert opinion in this case,

and argued the contents of the report failed to meet the statutory standard.

In response to the amended motion, Mr. Jackson argued specifically that the report was late because Dr. Gajewski purposefully eluded service of process and prevented him from complying with the statutory deadline. Mr. Jackson reasserted his argument that Section 74.351 included an implicit exception in order to avoid an unreasonable result in cases where the report cannot be served in cases where, despite the claimant's diligence, the defendant cannot be located in time. In a supplementary response, Mr. Jackson further argued that the expert report prepared by Dr. George was more than adequate to satisfy the requirements of Section 74.351.

The trial court held a hearing on the motion November 18, 2010. Mr. Jackson presented witness testimony from three individuals who had been involved in locating and serving the doctor with citation. By written order signed on December 16, 2010, the trial court denied Dr. Gajewski's motion to dismiss stating, "the 120 days required by the Texas Civil Practice & Remedies Code 74.351(a) began from October 5, 2010." The order also contained the following findings of fact:

(1)     [Mr. Jackson] filed his Original Petition on April 27, 2010 with this Court.

(2)     [Mr. Jackson] successfully served citation on [Dr. Gajewski] on October 5, 2010.

(3)     The 120 day deadline for [Mr. Jackson] to serve [Dr. Gajewski] with an expert report was August 25, 2010.

(4)     [Mr. Jackson] made several reasonable unsuccessful efforts to serve [Dr. Gajewski].

(5)     [Mr. Jackson] exercised due diligence in his efforts to serve [Dr. Gajewski].

(6)     The Court does not find evidence that [Dr. Gajewski] intentionally

avoided service of this specific action. However, his manner in providing contact information to the Texas Medical Board and information provided by places of his employment were major factors in [Mr. Jackson's] inability to locate him to serve him. Thus, the Court does find that through his actions and omissions, [Dr. Gajewski] did make it difficult to locate him to serve.

By interlocutory appeal authorized by Section 51.014(a)(9) of the Texas Civil Practice and Remedies Code, Dr. Gajewski has appealed the trial court's denial of his motion to dismiss, and raises two issues for this Court's consideration. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 51.014(a)(9)(West 2008)(authorizing an interlocutory appeal from the denial of a motion to dismiss under Section 74.351(b)). In the first issue, Dr. Gajewski contends the trial court abused its discretion by denying his motion as Mr. Jackson's expert report was not timely served. Second, the doctor contends that even if the report was considered to have been timely filed it was deficient and incurable.

A trial court's ruling on a motion to dismiss a healthcare liability claim is reviewed for an abuse of discretion. *Jernigan v. Langley*, 195 S.W.3d 91, 93 (Tex. 2006). An abuse of discretion occurs when a trial court acts arbitrarily or unreasonably and without reference to any guiding rules or principles. *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003). To the extent the resolution of this appeal requires the interpretation of a statute, a matter of law, the ruling is reviewed *de novo*. *Ponce v. El Paso Healthcare Sys., Ltd.*, 55 S.W.3d 34, 737 n.2 (Tex.App.--El Paso 2001, pet. denied).

In his first issue, Dr. Gajewski argues the trial court abused its discretion by denying his motion to dismiss on the basis Section 74.351 implicitly includes a due diligence exception, and extension to the 120-day deadline as argued by Mr. Jackson. While acknowledging that the

-4-

statute does not explicitly include such an exception, Mr. Jackson contends that under circumstances in this case a strict application of the statutory deadline leads to an unjust result. In essence, this is an issue of statutory construction. The foremost goal of statutory construction is to determine the Legislature's intent in enacting the provision. *Fitzgerald v. Advanced Spine Fixation Sys. Inc.*, 996 S.W.2d 864, 865-66 (Tex. 1999). To determine legislative intent, the reviewing court will look primarily to the statute's plain language. *Lone Star HMA, L.P. v. Wheeler*, 292 S.W.3d 812, 816 (Tex.App.--Dallas 2009, no pet.). Where the statutory text is clear and unambiguous, it is determinative of legislative intent. *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009).

Section 74.351(a) requires a health care liability claimant to serve a medical expert report on the provider, "not later than the 120th day after the date the original petition was filed . . . ." TEX.CIV.PRAC.&REM.CODE ANN. § 74.351(a)(West 2011). When no report is served within the specified period, the court has no discretion but to grant the provider's motion to dismiss the case with prejudice. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 74.351(b). Trial courts have no discretion to deny motions to dismiss or to grant extensions in the event that the statutory deadline is not met. *See Badiga v. Lopez*, 274 S.W.3d 681, 683 (Tex. 2009). The statutory language makes no provision for recalculating the deadline for any reason. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 74.351; *PM Management Windcrest NC, LLC v. Sanchez*, 256 S.W.3d 396, 397 (Tex.App.--San Antonio 2008, no pet.).

Neither party argues that Section 74.351 is ambiguous in regarding the calculation of the 120-day expert report deadline. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 74.351(a). The statute specifies that the 120-day deadline begins to run on, "the date the original petition was filed."

*See id*. Section 74.351(a) provides for extensions to the 120-day deadline in two, limited circumstances. TEX.CIV.PRAC.&REM.CODE ANN. § 74.351(a), (c). The parties may agree to extend the deadline or, in the case of a timely-filed, but deficient report, the trial court may grant a 30-day extension so that the claimant may cure the deficiencies and avoid dismissal with prejudice. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 74.351(a), (c). Neither exception is at issue in this case. Instead, Mr. Jackson argues that in light of the policy goals of the provision and to avoid an unjust result, the 120-day deadline should be calculated to begin on the date that the defendant health care provider is served with process.

Under previous versions of what is now Section 74.351, the Legislature provided extension for "good cause," and a thirty-day grace period for claimants who could demonstrate that their failure to file was due to an accident or mistake and not conscious indifference. *See Badiga*, 274 S.W.3d at 683. Under the post-2003 version of Subsection (b), however, the facts surrounding a plaintiff's failure to meet the 120-day deadline are no longer relevant. *See id*. at 684. Instead, the 120-day deadline has become a "statute-of-limitations-type deadline," leaving trial courts with no discretion to recalculate a plaintiff's 120-day deadline. *See id*. at 683. Absent circumstances specifically identified by the statute, Section 74.351 requires a medical negligence claimant to provide the defendant healthcare provider with a medical expert report no later than the 120th day after the filing of the original petition. *See* Section 74.351(a), (c). Because permitting a claimant to re-calculate the deadline as Mr. Jackson proposes would frustrate the clear legislative intent of the statute, we decline to do so. *See Summers*, 282 S.W.3d at 437.

The 120-day deadline began to run on the day Mr. Jackson filed his original petition. *See*

TEX.CIV.PRAC.&REM.CODE ANN. § 74.351(a). Mr. Jackson did not serve Dr. Gajewski with any report until 176 days later. Therefore, under the plain language Subsections (b) and (c) of Section 74.351, the trial court had no discretion but to grant Dr. Gajewski's motion and dismiss the case with prejudice, and while the author actually agrees with the trial court's conclusion, the plain, albeit unworthy, language of the statute permits no exception. *See* TEX.CIV.PRAC.&REM. CODE ANN. § 74.35; *Badiga*, 274 S.W.3d at 683. Issue One is sustained, and in light of our holding, there is no need to address the sufficiency of the report. Issue Two is overruled as moot.

Having sustained Appellant's first issue, we reverse the trial court's order denying the motion to dismiss, and remand the case for further proceedings consistent with this opinion.

October 11, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.