## Fourth Court of Appeals
### San Antonio, Texas


## MEMORANDUM OPINION

No. 04-20-00432-CV

**TOUCHSTONE COMMUNITIES, INC**., and Touchstone Strategies-Stone Oak2 LLC,
Appellants

v.

Dorothy M. **HUTTINGER**,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CI24482
Honorable Aaron Haas, Judge Presiding

Opinion by:   Luz Elena D. Chapa, Justice

Sitting:      Rebeca C. Martinez, Chief Justice
              Luz Elena D. Chapa, Justice
              Liza A. Rodriguez, Justice

Delivered and Filed: May 20, 2021

REVERSED AND REMANDED

Touchstone Communities, Inc. and Touchstone Strategies-Stone Oak2 LLC ("Touchstone") appeal the judgment dismissing Dorothy Huttinger's healthcare liability suit, arguing the trial court erred in dismissing the case without prejudice and in failing to award Touchstone its costs and attorney's fees. Because Huttinger failed to serve the expert report required by law, we reverse the judgment and remand with instructions.

### BACKGROUND

Huttinger resided in an assisted living and rehabilitation facility owned and operated by Touchstone. In November 2019, she filed an original petition pursuant to Chapter 74 of the Texas

Civil Practice and Remedies Code (the Texas Medical Liability Act), alleging she received medical care and treatment at the facility that fell below the generally accepted standard of care and that Touchstone retaliated against her after her daughter filed complaints regarding her care. She alleged Touchstone's conduct was negligent and violated the Resident's Bill of Rights. Touchstone filed an original answer on December 12, 2019.

Huttinger was required to serve an expert report on Touchstone not later than April 10, 2020, the 120th day after Touchstone filed its answer. *See* TEX CIV. PRAC. & REM. CODE § 74.351(a).[1] Huttinger did not serve an expert report, and on June 4, 2020, she filed a motion for nonsuit, asking the trial court to dismiss the suit. Touchstone responded on June 10, 2020, by filing a motion to dismiss with prejudice and praying for an award of costs and attorney's fees. *See id.* § 74.351(b).

The trial court signed an order on June 15, 2020, granting Huttinger's motion for nonsuit and ordering "Plaintiffs [sic] cases and causes of action against all Defendants be dismissed." That order was not a final judgment because it did not follow a conventional trial on the merits, did not unequivocally express an intent for the order to be a final and appealable order, and did not dispose of Touchstone's pending claim for fees and costs under the statute. *See Crites v. Collins*, 284 S.W.3d 839, 841 (Tex. 2009). The judgment became final on August 7, 2020, when the trial court signed an order denying Touchstone's motion. Touchstone timely appealed, arguing the trial court erred by failing to dismiss the action with prejudice and by failing to award Touchstone its attorney's fees and costs. Huttinger did not file a brief.

---

[1] Section 74.351(a) provides the parties may, by written agreement, extend the time for serving the report. TEX. CIV. PRAC. & REM. CODE § 74.351(b). No such agreement was reached in this case.

## DISCUSSION

Section 74.351(b) of the Texas Medical Liability Act requires a trial court to dismiss a claimant's healthcare liability claim with prejudice and to award the defendant physician or health care provider the reasonable attorney's fees and costs it has incurred if a claimant fails to serve an expert report within 120 days after the defendant files an answer. TEX. CIV. PRAC. & REM. CODE § 74.351(b); *Baylor Scott & White, Hillcrest Med. Ctr. v. Weems*, 575 S.W.3d 357, 360-61 (Tex. 2019); *Garcia v. Gomez*, 319 S.W.3d 638, 642-43 (Tex. 2010).

At a hearing preceding the final order, Touchstone's counsel stated without objection that Touchstone had incurred $12,300 in reasonable attorney's fees and briefly listed some of the legal work that had been done in the case. Although cursory and not conclusive, this was some evidence to place the issue of fees before the court. *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 496-98 (Tex. 2019); *Garcia*, 319 S.W.3d at 642-43; *see also Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997) (holding counsel's unsworn statements may be considered evidence when opponent fails to object under circumstances in which opponent knows or should know an objection is necessary).

Because the trial court had no discretion to dismiss Huttinger's claims without prejudice or to deny Touchstone's motion for fees and costs, we reverse the judgment. We remand the case to the trial court with instructions to award Touchstone the reasonable attorney's fees and costs it incurred and to dismiss Huttinger's claims with prejudice. *See PM Mgmt.-Windcrest NC, LLC v. Sanchez*, 256 S.W.3d 396, 397-98 (Tex. App.—San Antonio 2008, no pet.).[2]

Luz Elena D. Chapa, Justice

---

[2] Touchstone also asks this court to address whether the Texas Supreme Court's Orders Regarding the COVID-19 State of Disaster authorized the trial court to modify, suspend, or amend the deadline for serving an expert report. However, Huttinger did not ask the trial court to extend the deadline to file an expert report in this case, and the trial court did not grant such relief. Therefore, the issue is not before us.