COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CINDY BREITEN, | § | No. 08-11-00055-CV |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | |
| | § | 143rd District Court |
| MORTEZA SHATERY, M.D., | § | |
| Appellee. | § | of Reeves County, Texas |
| | § | (TC#10-07-19683 CVR) |

## **O P I N I O N**

Appellant, Cindy Breiten (Breiten), appeals the trial court's dismissal of her medical malpractice claim against Morteza Shatery, M.D. (Dr. Shatery). At issue is the timeliness of the service of Breiten's expert report upon Dr. Shatery under Section 74.351 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (West 2011). We affirm.

## **BACKGROUND**

It is undisputed that Breiten filed a medical malpractice suit against Dr. Shatery, M.D., on July 7, 2010. Under Section 74.351, Breiten was required to serve Dr. Shatery with a copy of her expert report and curriculum vitae before the 120-day deadline expired on November 4, 2010. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). Although Breiten filed her expert's report

with the Reeves County court clerk on November 3, 2010, the day before the 120th-day statutory deadline, Breiten did not serve Dr. Shatery until after that deadline.

On November 12, 2010, Dr. Shatery moved for dismissal on the ground that Breiten had failed to timely serve him with the expert report.[1]   Breiten provided Dr. Shatery with a copy of her expert's report on November 15, 2010.   On December 9, 2010, the trial court granted Dr. Shatery's motion and dismissed the case with prejudice.   This appeal followed.

## DISCUSSION

### Standard of Review

A trial court's decision to grant or deny a motion to dismiss under Section 74.351 is reviewed for an abuse of discretion.  *See American Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001); *Tenet Hospitals, Ltd. v. Boada*, 304 S.W.3d 528, 533 (Tex. App. – El Paso 2009, pet. denied).   We will only find an abuse of discretion if the trial court acted in an unreasonable or arbitrary manner, without reference to any guiding rules or principles. *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003); *Boada*, 304 S.W.3d at 533.   A trial court acts arbitrarily and unreasonably if it could have reached only one decision, but instead reached a different one.   *Kendrick v. Garcia*, 171 S.W.3d 698, 703 (Tex. App. – Eastland 2005, pet. denied), *citing Downer v. Aquamarine Operators, Inc*., 701 S.W.2d 238, 241-42 (Tex. 1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).   To that end, a trial court abuses its discretion when it fails to analyze or apply the law correctly.   *In re Sw. Bell Tel. Co.*, 226 S.W.3d

---

[1]  On December 3, 2010, Dr. Shatery filed a second motion to dismiss which incorporated the November 12 Motion to Dismiss and added an allegation of inadequacy of Breiten's expert report.   On appeal, the parties only address the timeliness of service and because the trial court's order does not specify which motion was granted, we assume the only issue before us is the one briefed by the parties.

400, 403 (Tex. 2007), *citing In re Kuntz*, 124 S.W.3d 179, 181 (Tex. 2003); *Boada*, 304 S.W.3d at 533.

## Applicable Law

In a health care liability claim, a claimant shall not later than the 120th day after the date the claim was filed, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). If the claimant fails to serve the required expert reports within the 120-day deadline, on proper motion by the defendant, the trial court must dismiss the claim with prejudice and award reasonable attorney's fees and court costs incurred by the defendant. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a)-(b) (West 2011). The attorneys' fees and court costs must be both "reasonable" and actually incurred. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b)(1). Trial courts have no discretion to deny motions to dismiss or to grant extension if the statutory deadline is not met. *See Badiga v. Lopez*, 274 S.W.3d 681, 683 (Tex. 2009).

When construing a statute our foremost goal is to determine the Legislature's intent in enacting the provision. *Fitzgerald v. Advanced Spine Fixation Sys. Inc.,* 996 S.W.2d 864, 865–66 (Tex. 1999). To determine legislative intent, we look primarily to the statute's plain language. *Lone Star HMA, L.P. v. Wheeler,* 292 S.W.3d 812, 816 (Tex. App. -- Dallas 2009, no pet.). Where the statutory text is clear and unambiguous, it is determinative of legislative intent. *Entergy Gulf States, Inc. v. Summers,* 282 S.W.3d 433, 437 (Tex. 2009). We presume that the statutory language used or omitted is done so purposefully. *Univ. of Tex. Health Sci. Ctr. at Houston v. Gutierrez*, 237 S.W.3d 869, 873 (Tex. App. – Houston [1st Dist.] 2007, pet. denied).

3

We presume that the statute, in its entirety is effective and a just and reasonable result intended. *Gutierrez*, 237 S.W.3d at 873.

## Application

In her sole issue on appeal, Breiten contends that the trial court abused its discretion by dismissing her case based on the untimely service of her expert's report on Dr. Shatery. First, Breiten argues that under Rule 21a, the act of filing her expert report with the Reeves County District Clerk on November 3, 2010 constituted service on Dr. Shatery. Second, Breiten contends that the November 15, 2010 service on Dr. Shatery was timely because the 120-day statutory deadline was tolled until Dr. Shatery made an appearance in the case on November 12. She further contends that service on Dr. Shatery's attorney was impossible because Dr. Shatery's responsive-pleading deadline surpassed the 120-day deadline. The threshold issue is whether Breiten satisfied the requirements of Section 74.351 by serving her expert's report within the statute's 120-day deadline.

The statutory language clearly states that a health care liability claimant shall serve an expert report not later than the 120th day after the original petition was filed on each party against whom a liability claim is asserted. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). While the statute does not define the term "serve," Rule 21a of the Texas Rules of Civil Procedure applies to the service of expert reports in health care liability claims. *Amaya v. Enriquez*, 296 S.W.3d 781, 783 (Tex. App. – El Paso 2009, pet. denied); *Kendrick*, 171 S.W.3d at 704. Rule 21a provides that "[e]very notice required by these rules, and every pleading, plea, motion, or other form of request required to be served under Rule 21, other than the citation . . . may be served" by one of four methods of service: (1) by delivery; (2) by certified or registered mail; (3) by

4

telephonic document transfer; or (4) by such other manner as the court in its discretion may direct. TEX. R. CIV. P. 21a. To comply with the express terms of Rule 21a, a notification or document may be served by delivering a copy to the party to be served, or the party's duly authorized agent or attorney of record. TEX. R. CIV. P. 21a. A certificate of service of an affidavit showing service is prima facie evidence of the fact of service. TEX. R. CIV. P. 21a.

Breiten did not use either of the first three methods of service permitted by Rule 21a to serve a copy of the expert report on Dr. Shatery before the 120-day deadline. Breiten urges however, that the filing of her expert's report on November 3, 2010 satisfies the fourth method of service under Rule 21a. Under the fourth method, a trial court may in its discretion allow service to occur by any other manner it directs. TEX. R. CIV. P. 21a. Further, Rule 106(b)(2) states that upon motion, supported by affidavit, a court may approve service "in any other manner that the affidavit or other evidence . . . shows will be reasonably effective to give the defendant notice of the suit." TEX. R. CIV. P. 106(b)(2). Under Rule 106(b), substitute service may only be authorized once the plaintiff shows the necessity for the substitute method of service. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990); *Eros v. Boyington Capital Group, LLC*, No. 05-08-01703-CV, 2010 WL 4485907, at *1 (Tex. App. – Dallas Nov. 10, 2010, no pet.).

Because Section 74.351(a) expressly requires service of an expert report on the opposing party or his or her counsel, we reject Breiten's claim that she satisfied the requirements of Rule 21a by filing the expert's report with the court clerk. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a); TEX. R. CIV. P. 21a. There is nothing in the record to establish that the trial court directed service by filing with the court clerk; nor, do we see any reason why the trial court would have directed another manner of service in this case. TEX. R. CIV. P. 21a. It is clear from the

record that Breiten could have served Dr. Shatery on or before the expiration of the 120-day deadline, as she had previously served the citation on Dr. Shatery.

Service is not accomplished on a party when the method used is not one of the methods authorized by Rule 21a. *Herrera v. Seton Nw. Hosp.,* 212 S.W.3d 452, 459 (Tex. App. – Austin 2006, no pet.); *see also Quint v. Alexander*, No. 03-04-00819-CV, 2005 WL 2805576, at *1 (Tex. App. – Austin Oct. 28, 2005, pet. denied) (holding that service does not occur when an expert report is filed with the court clerk when the report could have been served personally on the defendant). Because Breiten failed to use any method of service authorized by Rule 21a to provide a copy of the expert report to Dr. Shatery within the statutory deadline, we conclude that Bretein's filing of the report with the district clerk on November 3, 2010, did not satisfy Section 74.351(a)'s service requirement.

Alternatively, Breiten argues that she was unable to serve the expert's report on Dr. Shatery or his lawyer because the responsive pleading deadline surpassed the 120-day deadline. Breiten contends that the November 15, 2010, service on Dr. Shatery complies with the service requirement of Section 74.351(a) because the 120-day deadline was tolled until Dr. Shatery entered an appearance in the case. In support of her argument, Breiten relies on *Gardner v. U.S. Imaging, Inc.,* 274 S.W.3d 669 (Tex. 2008). In *Gardner*, the plaintiff served the defendant health care provider with the expert report after defendant filed an untimely answer to the plaintiff's lawsuit. *Id*. at 670. The defendant argued that the service of the report was untimely because it was served more than 120 days after the original petition was filed. *Id*. The court found that service was timely because the 120-day deadline was tolled until the defendant made an appearance in the case once the defendant defaulted and judgment was taken against it. *Id*. at 671.

We do not find *Gardner* to be persuasive. The facts of *Gardner* can be distinguished from those here because Dr. Shatery's answer was timely filed and there was no default judgment. *Gardner*, 274 S.W.3d at 669. Here, it is undisputed that Dr. Shatery was served with citation on October 22, 2010, and as such, he could have been served within the 120-day statutory deadline. *Quint*, 2005 WL 2805576, at *1. The fact that the responsive pleading deadline surpassed the 120-day deadline is of no importance. *See Salinas v. Dimas*, 310 S.W.3d 106, 111 (Tex. App. – Corpus Christi 2010, pet. denied) (concluding that neither the rules nor statute prohibit a health care liability claimant from serving an expert report before the defendant files his answer). Accordingly, Breiten's sole issue is overruled because her expert's report was not timely served under Section 74.351. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a).

## CONCLUSION

The trial court's judgment is affirmed.


GUADALUPE RIVERA, Justice

April 11, 2012

Before McClure, C.J., Rivera, J., and Antcliff, J.

7