

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 02-12-00099-CV**

| | | |
|---|---|---|
| Michael J. McQuade, D.D.S., M.S. | § | From the 16th District Court |
| | § | of Denton County (2011-10604-16) |
| v. | | |
| | § | December 6, 2012 |
| Richard Brooks Berry | § | Opinion by Chief Justice Livingston |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's order. It is ordered that the trial court's order denying appellant Michael J. McQuade, D.D.S., M.S.'s motion to dismiss is affirmed.

It is further ordered that appellant Michael J. McQuade, D.D.S., M.S. shall pay all of the costs of this appeal, for which let execution issue.

SECOND DISTRICT COURT OF APPEALS


By_____
Chief Justice Terrie Livingston



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00099-CV

---

MICHAEL J. MCQUADE, D.D.S., M.S.

APPELLANT

V.

RICHARD BROOKS BERRY

APPELLEE

----------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Michael J. McQuade, D.D.S., M.S. appeals the trial court's order denying his motion to dismiss appellee Richard Brooks Berry's health care liability claim. In one issue, appellant contends that the trial court abused its discretion by denying the motion to dismiss because appellee allegedly failed to timely serve an expert report. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

**Background Facts**

On July 25, 2011, appellee filed an original petition that asserted a health care liability claim against appellant. Appellee alleged that appellant had failed to use ordinary care during dental surgery, that appellant had committed medical battery by performing a procedure without appellee's consent, and that appellee had suffered bodily injury. Appellant filed an answer in which he generally denied appellee's allegations.

In December 2011, appellant filed a motion to dismiss appellee's suit, alleging that appellee had failed to timely serve an expert report.[2] Specifically, appellant argued that appellee was required to serve an expert report within 120 days after filing his petition, which was November 22, 2011, but that appellee did not serve an expert report until November 23, 2011. In his response to appellant's motion to dismiss, appellee contended that he had timely served the report because he had deposited it in the mail on the night of November 22.[3] After holding a hearing on appellant's motion to dismiss and receiving arguments from the parties, the trial court denied the motion, finding that appellee had

---

[2]*See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a)–(b) (West 2011).

[3]Appellee also stated that he faxed the expert report to appellant on the night of November 22, but appellee conceded that this service was untimely because it occurred after 5 p.m. *See* Tex. R. Civ. P. 21a. Appellant admits in his brief that he received the facsimile at 10:45 p.m. on November 22, and we will take this admission as true. *See* Tex. R. App. P. 38.1(g) ("The brief must state concisely and without argument the facts pertinent to the issues or points presented. In a civil case, the court will accept as true the facts stated unless another party contradicts them.").

served the expert report "on [appellant] in compliance with Texas Rule of Civil Procedure 21a on November 22, 2011." Appellant brought this interlocutory appeal.[4]

## Timeliness of Service

In his only issue, appellant argues that the trial court abused its discretion by denying his motion to dismiss appellee's lawsuit because appellee failed to timely serve an expert report. As we have explained,

> We review a trial court's denial of a motion to dismiss [a health care liability claim] for an abuse of discretion. . . .
>
> To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred. A trial court does not abuse its discretion if it commits a "mere error in judgement."

*Foster v. Richardson*, 303 S.W.3d 833, 837 (Tex. App.—Fort Worth 2009, no pet.) (citations omitted); *see Breiten v. Shatery*, 365 S.W.3d 829, 830 (Tex. App.—El Paso 2012, no pet.) (applying the abuse of discretion standard to a trial

---

[4]*See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9) (West Supp. 2012). In the trial court, appellant also filed a motion to dismiss appellee's suit on the ground that the expert report that appellee had served was substantively inadequate. The record does not contain an order resolving appellant's motion to dismiss based on the content of the expert report that appellee served. This appeal concerns only appellant's motion to dismiss based on the allegedly untimely service of the report.

4

court's dismissal of a health care liability claim on the basis that service of an expert report was untimely).

In a health care liability claim,

a claimant shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted.[5]

Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a); *Barber v. Mercer*, 303 S.W.3d 786, 790 (Tex. App.—Fort Worth 2009, no pet.). If an expert report has not been served within the 120-day period, the trial court must, upon a motion, enter an order dismissing the plaintiff's suit with prejudice and awarding the defendant reasonable attorney's fees and costs. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b); *see Breiten*, 365 S.W.3d at 831 ("Trial courts have no discretion to deny motions to dismiss or to grant extension if the statutory deadline is not met.") (citing *Badiga v. Lopez*, 274 S.W.3d 681, 683 (Tex. 2009)); *Barber*, 303 S.W.3d at 790.

Courts have applied rule of civil procedure 21a to determine whether an expert report has been timely and properly served under section 74.351. *See* Tex. R. Civ. P. 21a; *Stockton v. Offenbach*, 336 S.W.3d 610, 615 (Tex. 2011)

---

[5]Expert reports must provide a fair summary of "the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed." Tex. Civ. Prac. & Rem. Code Ann. § 74.351(r)(6); *Foster*, 303 S.W.3d at 837.

5

(recognizing that "[s]everal courts have interpreted the Legislature's use of the word 'serve' to require compliance with Texas Rule of Civil Procedure 21a"); *Breiten*, 365 S.W.3d at 832–33; *Herrera v. Seton Nw. Hosp.*, 212 S.W.3d 452, 459 (Tex. App.—Austin 2006, no pet.) ("[T]he legislature intended for claimants to comply with Texas Rule of Civil Procedure 21a to fulfill the requirements of section 74.351(a)."); *Kendrick v. Garcia*, 171 S.W.3d 698, 704 (Tex. App.—Eastland 2005, pet. denied). Rule 21a states that notices and other documents may be served, among other means, by certified mail. Tex. R. Civ. P. 21a. When a document is served by certified mail, service is "complete upon deposit of the paper, enclosed in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service." *Id.* When service is accomplished, a "certificate by a party or an attorney of record . . . showing service of a notice shall be prima facie evidence of the fact of service." *Id.*; *see Lease Fin. Group, LLC v. Childers*, 310 S.W.3d 120, 126 (Tex. App.—Fort Worth 2010, no pet.); *see also Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987) (stating that the presumption of proper service under rule 21a, unless rebutted "by an offer of proof of nonreceipt," has the "force of a rule of law") (citing *Southland Life Ins. Co. v. Greenwade*, 138 Tex. 450, 455, 159 S.W.2d 854, 857 (1942)). Multiple courts of appeals have held, based on rule 21a, that a certificate of service is prima facie evidence not only of the fact that a document was served but also of the date of service included in the certificate. *See Kuntze v. Hall*, Nos. 10-12-00087-CV, 10-12-00186-CV, 2012

6

WL 5193226, at *7–8 (Tex. App.—Waco Oct. 18, 2012, no. pet. h.) (mem. op.); *Avila v. Rocha*, No. 05-93-01850-CV, 1995 WL 22736, at *2–3 (Tex. App.—Dallas Jan. 18, 1995, no writ) (not designated for publication); *Shaw v. Nat'l Cnty. Mut. Fire Ins. Co.*, 723 S.W.2d 236, 237 (Tex. App.—Houston [1st Dist.] 1986, no writ).

As an exhibit to his motion to dismiss, appellant attached a "covering document" that appellee had sent when serving the expert report. The covering document contained a certificate of service that stated,

> The undersigned hereby certifies, in accordance with Texas Rule of Civil Procedure 21a, that on the 22nd day of November, 2011, in accordance with Texas Rule of Civil Procedure 21, he served both (1) Dr. James D. Bates's expert report and (2) Dr. James D. Bates's curriculum vitae on . . . the attorney in charge for the Defendant, by Certified Mail . . . , Return Receipt Requested and Facsimile . . . .

Within his exhibits, appellant also included Dr. Bates's report, which was dated "November 22, 2011," and a copy of the certified mail envelope that had contained the report, which had a postmark date of November 23, 2011.

Appellee argues that the certificate of service, stating that the report was served on November 22, provided prima facie evidence under rule 21a that the report was placed in the mail on that day and therefore justified the trial court's denial of appellant's motion to dismiss. Appellant contends, however, that the trial court should have determined that service was untimely because the envelope was postmarked on November 23, a postmark should be considered as prima facie evidence of the date the envelope was mailed, and appellee's

7

certificate of service cannot serve as prima facie evidence because it was allegedly defective.

First, we disagree that the certificate of service quoted above was defective to the extent that it did not carry the presumption of proper service. To contend that the certificate of service was defective, appellant relies on *Kendrick*, in which the plaintiff had filed expert reports with the trial court and had delivered the reports to the defendants only by leaving a copy in the district clerk's office and by delivering a copy through first class mail. 171 S.W.3d at 700–01. After concluding that rule 21a applied to the service of expert reports, the court in *Kendrick* held that the methods of delivery attempted by the plaintiff were unauthorized. *Id.* at 704. The court also stated that a certificate of service that was filed by the plaintiff's counsel after the defendants filed motions to dismiss did not raise a presumption of receipt because the certificate was not contemporaneously executed "on the filed instrument" as required by rule 21a. *Id.* (citing *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005)).

As appellant recognizes, the facts in *Kendrick* are distinct from the facts in this appeal. Appellant does not contend that the certificate of service in this case was not executed "on the filed instrument"; instead, he argues that the certificate was defective because it stated that appellee served the report by facsimile on November 22, when by the effect of rule 21a, the service by facsimile was deemed to have occurred on November 23. *See* Tex. R. Civ. P. 21a ("Service by telephonic document transfer after 5:00 p.m. local time of the recipient shall be

8

deemed served on the following day."). But unlike rule 21a's expressed requirement that the certificate of service be executed on the instrument, the rule does not require a certificate of service to specify the method of service. *Approximately $14,980.00 v. State*, 261 S.W.3d 182, 187 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Smith v. Mike Carlson Motor Co.*, 918 S.W.2d 669, 673 (Tex. App.—Fort Worth 1996, no writ). Thus, because rule 21a does not require a statement about the method of service to be included in a certificate of service, we conclude that the legally incorrect but superfluous statement in appellee's certificate of service about the date of one of the two attempted methods of service does not negate the prima facie presumption, created by the certificate, of proper service by certified mail on November 22.

Next, we reject appellant's contention that under the facts of this case, the November 23 postmark overcame the prima facie presumption, created by the certificate of service, that service by certified mail occurred on November 22. Appellant cites a statute and a rule of civil procedure to contend that a postmark provides prima facie evidence of the date of mailing. Both of these authorities, however, relate to issues other than the proper and timely service of documents on other parties. *See* Tex. Civ. Prac. & Rem. Code Ann. § 136.001 (West 2011) (explaining that when registered mail is required by law, certified mail with return receipt requested will suffice if the certified mail is validated with a postmark); Tex. R. Civ. P. 5 (stating, in the context of filing a document with a clerk, that a

legible postmark is prima facie evidence of the date of mailing).[6]  Also, neither of these authorities purport to alter rule 21a's unambiguous language that service by certified mail is "complete upon deposit of the paper, enclosed in a postpaid, properly addressed wrapper, in a post office or official depository."  Tex. R. Civ. P. 21a; *see also Pentico v. Mad-Wayler, Inc.*, 964 S.W.2d 708, 718 n.7 (Tex. App.—Corpus Christi 1998, pet. denied) ("Although the rules of procedure view postmarks as *prima facie* evidence of the date of mailing for purposes of filing documents with the court, . . . postmarks are not conclusive evidence of the date an item was mailed in other contexts.").

We recognize that the supreme court has held that the presumption of service under rule 21a from a party's certificate of service "vanishes when opposing evidence is introduced that [a document] *was not received.*"  *In re E.A.*, 287 S.W.3d 1, 5 (Tex. 2009) (emphasis added) (quoting *Cliff*, 724 S.W.2d at 780); *see also* Tex. R. Civ. P. 21a ("Nothing herein shall preclude any party from offering proof that the notice or instrument *was not received . . . .*") (emphasis added).  But it is undisputed that appellant received, through certified mail, appellee's expert report, so the rule expressed in *E.A.* and in *Cliff* seems inapplicable.  Moreover, we cannot conclude that the postmark in this case

---

[6]Similarly, the cases cited by appellant, which relate to the "mailbox rule" for filing documents, rather than rule 21a's service standards, are inapposite. *See, e.g.*, *Alvarez v. Thomas*, 172 S.W.3d 298, 301–02 (Tex. App.—Texarkana 2005, no pet.); *Tex. Beef Cattle Co. v. Green*, 862 S.W.2d 812, 813–14 (Tex. App.—Beaumont 1993, order).

outweighs the prima facie presumption of timely service because the postmark is equally as consistent with a late-in-the-evening November 22 mailing as it is with a November 23 mailing. In fact, when considering appellant's concession that appellee delivered the expert report by facsimile late on the night of November 22, which tends to show that appellee was attempting service of the report at that time, the postmark may be more consistent with a November 22 mailing. We conclude that at the most, under rule 21a, the November 23 postmark presented the trial court with an inference that possibly conflicted with the prima facie presumption that appellee mailed the expert report on November 22. A trial court does not abuse its discretion, however, when it bases its decision on conflicting evidence and when some evidence of substantive and probative character supports the decision. *See H.E.B., L.L.C. v. Ardinger*, 369 S.W.3d 496, 520 (Tex. App.—Fort Worth 2012, no pet.).

Finally, although appellant cites four cases in which he asserts that courts of appeals required plaintiffs in health care liability claims to present evidence of timely service, none of the plaintiffs in those cases benefited from the prima facie presumption created by a proper certificate of service that was executed on the served instrument. *See Strobel v. Marlow*, 341 S.W.3d 470, 476–77 (Tex. App.—Dallas 2011, no pet.); *Yilmaz v. McGregor*, 265 S.W.3d 631, 636–40 (Tex. App.—Houston [1st Dist.] 2008, pet. denied); *Patel v. Williams*, No. 11-06-00254-CV, 2007 WL 632989, at *3–4 (Tex. App.—Eastland Mar. 1, 2007, no pet.) (mem. op.) (holding that when there was conflicting evidence about the date of

11

service, the trial court did not abuse its discretion by concluding that the report was timely served); *Kendrick*, 171 S.W.3d at 704.

For all of these reasons, we hold that under rule 21a, appellee's certificate of service constituted prima facie evidence that he served the expert report on appellant on November 22, and that under the facts of this case, appellant's evidence of a postmark of November 23 did not obligate the trial court to find that the prima facie presumption had been overcome.[7]  *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (stating that to establish an abuse of discretion on a trial court's resolution of a factual issue, a party must show that the "trial court could reasonably have reached only one decision").  Thus, we conclude that the trial court did not abuse its discretion by finding that appellee served the expert report on November 22 and by overruling appellant's motion to dismiss appellee's health care liability claim.  *See Foster*, 303 S.W.3d at 837.  We overrule appellant's only issue.

---

[7]We note that the supreme court has stated that an "inference established prima facie . . . is overcome, together with the evidentiary facts tending to establish it, only when the evidence tending to support the contrary inference is conclusive, or so clear, positive and disinterested that it would be unreasonable not to give effect to it as conclusive."  *Greenwade*, 138 Tex. at 457, 159 S.W.2d at 858; *see Texaco, Inc. v. Phan*, 137 S.W.3d 763, 767 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (applying the standard expressed in *Greenwade*).  We have not found any cases in which the issue on appeal was whether the service (not filing) of a document was timely and in which a court held that a postmark required more weight than the prima facie presumption created by a certificate of service.  *Cf. Hausmann v. Tex. Sav. & Loan Ass'n*, 585 S.W.2d 796, 801 (Tex. Civ. App.—El Paso 1979, writ ref'd n.r.e.) (giving more weight to an affidavit about the date of mailing than a postmark).

**Conclusion**

Having overruled appellant's issue, we affirm the trial court's order denying appellant's motion to dismiss.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED:  December 6, 2012