02-12-099-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-12-00099-CV

 


 
 
 Michael
 J. McQuade, D.D.S., M.S.
  
  
 v.
  
  
 Richard
 Brooks Berry
 
 
 §
  
 §
  
 §
  
 §
  
 
 
 From the 16th District Court
  
 of
 Denton County (2011-10604-16)
  
 December
 6, 2012
  
 Opinion
 by Chief Justice Livingston
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s order.  It is ordered that the trial court’s
order denying appellant Michael J. McQuade, D.D.S., M.S.’s motion to dismiss is
affirmed.

It
is further ordered that appellant Michael J. McQuade, D.D.S., M.S. shall pay
all of the costs of this appeal, for which let execution issue.

 

SECOND DISTRICT COURT OF APPEALS 

 

 

 

By_________________________________

   
Chief Justice Terrie Livingston

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-12-00099-CV

 

 


 
 
 Michael J. McQuade, D.D.S., M.S.
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Richard Brooks Berry
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM THE 16th
District Court OF Denton COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          Appellant
Michael J. McQuade, D.D.S., M.S. appeals the trial court’s order denying his
motion to dismiss appellee Richard Brooks Berry’s health care liability claim. 
In one issue, appellant contends that the trial court abused its discretion by
denying the motion to dismiss because appellee allegedly failed to timely serve
an expert report.  We affirm.

Background
Facts

          On
July 25, 2011, appellee filed an original petition that asserted a
health care liability claim against appellant.  Appellee alleged that appellant
had failed to use ordinary care during dental surgery, that appellant had
committed medical battery by performing a procedure without appellee’s consent,
and that appellee had suffered bodily injury.  Appellant filed an answer in
which he generally denied appellee’s allegations.

          In
December 2011, appellant filed a motion to dismiss appellee’s suit,
alleging that appellee had failed to timely serve an expert report.[2] 
Specifically, appellant argued that appellee was required to serve an expert
report within 120 days after filing his petition, which was November 22, 2011,
but that appellee did not serve an expert report until November 23, 2011. 
In his response to appellant’s motion to dismiss, appellee contended that he
had timely served the report because he had deposited it in the mail on the
night of November 22.[3]  After holding a hearing
on appellant’s motion to dismiss and receiving arguments from the parties, the
trial court denied the motion, finding that appellee had served the expert
report “on [appellant] in compliance with Texas Rule of Civil Procedure 21a on
November 22, 2011.”  Appellant brought this interlocutory appeal.[4]

Timeliness
of Service

          In
his only issue, appellant argues that the trial court abused its discretion by
denying his motion to dismiss appellee’s lawsuit because appellee failed to timely
serve an expert report.  As we have explained,

          We review a trial court’s denial of a motion to
dismiss [a health care liability claim] for an abuse of discretion. . . .

          To determine whether a trial court abused its
discretion, we must decide whether the trial court acted without reference to
any guiding rules or principles; in other words, we must decide whether the act
was arbitrary or unreasonable.  Merely because a trial court may decide a
matter within its discretion in a different manner than an appellate court
would in a similar circumstance does not demonstrate that an abuse of
discretion has occurred.  A trial court does not abuse its discretion if it
commits a “mere error in judgement.”

Foster
v. Richardson, 303 S.W.3d 833, 837 (Tex. App.—Fort Worth
2009, no pet.) (citations omitted); see Breiten v. Shatery, 365 S.W.3d
829, 830 (Tex. App.—El Paso 2012, no pet.) (applying the abuse of
discretion standard to a trial court’s dismissal of a health care liability
claim on the basis that service of an expert report was untimely).

          In
a health care liability claim, 

a claimant shall, not later than the 120th day after the
date the original petition was filed, serve on each party or the party’s
attorney one or more expert reports, with a curriculum vitae of each expert
listed in the report for each physician or health care provider against whom a
liability claim is asserted.[[5]]

Tex.
Civ. Prac. & Rem. Code Ann. § 74.351(a); Barber v. Mercer,
303 S.W.3d 786, 790 (Tex. App.—Fort Worth 2009, no pet.).  If an expert report
has not been served within the 120-day period, the trial court must, upon a
motion, enter an order dismissing the plaintiff’s suit with prejudice and
awarding the defendant reasonable attorney’s fees and costs.  Tex. Civ. Prac.
& Rem. Code Ann. § 74.351(b); see Breiten, 365 S.W.3d at 831 (“Trial
courts have no discretion to deny motions to dismiss or to grant extension if
the statutory deadline is not met.”) (citing Badiga v. Lopez, 274 S.W.3d
681, 683 (Tex. 2009)); Barber, 303 S.W.3d at 790.

          Courts
have applied rule of civil procedure 21a to determine whether an expert report
has been timely and properly served under section 74.351.  See Tex. R.
Civ. P. 21a; Stockton v. Offenbach, 336 S.W.3d 610, 615 (Tex. 2011)
(recognizing that “[s]everal courts have interpreted the Legislature’s use of
the word ‘serve’ to require compliance with Texas Rule of Civil Procedure 21a”);
Breiten, 365 S.W.3d at 832–33; Herrera v. Seton Nw. Hosp., 212
S.W.3d 452, 459 (Tex. App.—Austin 2006, no pet.) (“[T]he legislature intended
for claimants to comply with Texas Rule of Civil Procedure 21a to fulfill the
requirements of section 74.351(a).”); Kendrick v. Garcia, 171 S.W.3d
698, 704 (Tex. App.—Eastland 2005, pet. denied).  Rule 21a states that notices
and other documents may be served, among other means, by certified mail.  Tex.
R. Civ. P. 21a.  When a document is served by certified mail, service is “complete
upon deposit of the paper, enclosed in a postpaid, properly addressed wrapper,
in a post office or official depository under the care and custody of the
United States Postal Service.”  Id.  When service is accomplished, a “certificate
by a party or an attorney of record . . . showing service
of a notice shall be prima facie evidence of the fact of service.”  Id.;
see Lease Fin. Group, LLC v. Childers, 310 S.W.3d 120, 126 (Tex. App.—Fort
Worth 2010, no pet.); see also Cliff v. Huggins, 724 S.W.2d 778, 780
(Tex. 1987) (stating that the presumption of proper service under rule 21a,
unless rebutted “by an offer of proof of nonreceipt,” has the “force of a rule
of law”) (citing Southland Life Ins. Co. v. Greenwade, 138 Tex. 450, 455,
159 S.W.2d 854, 857 (1942)).  Multiple courts of appeals have held, based on
rule 21a, that a certificate of service is prima facie evidence not only of the
fact that a document was served but also of the date of service included in the
certificate.  See Kuntze v. Hall, Nos. 10-12-00087-CV, 10-12-00186-CV, 2012
WL 5193226, at *7–8 (Tex. App.—Waco Oct. 18, 2012, no. pet. h.) (mem.
op.); Avila v. Rocha, No. 05-93-01850-CV, 1995 WL 22736, at *2–3 (Tex.
App.—Dallas Jan. 18, 1995, no writ) (not designated for publication);
Shaw v. Nat’l Cnty. Mut. Fire Ins. Co., 723 S.W.2d 236, 237 (Tex. App.—Houston
[1st Dist.] 1986, no writ).

          As
an exhibit to his motion to dismiss, appellant attached a “covering document”
that appellee had sent when serving the expert report.  The covering document contained
a certificate of service that stated,

          The undersigned hereby certifies, in accordance
with Texas Rule of Civil Procedure 21a, that on the 22nd day of November, 2011,
in accordance with Texas Rule of Civil Procedure 21, he served both (1) Dr. James
D. Bates’s expert report and (2) Dr. James D. Bates’s curriculum vitae on . . .
the attorney in charge for the Defendant, by Certified Mail . . . ,
Return Receipt Requested and Facsimile . . . .

Within
his exhibits, appellant also included Dr. Bates’s report, which was dated
“November 22, 2011,” and a copy of the certified mail envelope that
had contained the report, which had a postmark date of November 23, 2011.

          Appellee
argues that the certificate of service, stating that the report was served on
November 22, provided prima facie evidence under rule 21a that the report
was placed in the mail on that day and therefore justified the trial court’s
denial of appellant’s motion to dismiss.  Appellant contends, however, that the
trial court should have determined that service was untimely because the
envelope was postmarked on November 23, a postmark should be considered as
prima facie evidence of the date the envelope was mailed, and appellee’s
certificate of service cannot serve as prima facie evidence because it was
allegedly defective.

          First,
we disagree that the certificate of service quoted above was defective to the
extent that it did not carry the presumption of proper service.  To contend
that the certificate of service was defective, appellant relies on Kendrick,
in which the plaintiff had filed expert reports with the trial court and had
delivered the reports to the defendants only by leaving a copy in the district
clerk’s office and by delivering a copy through first class mail.  171 S.W.3d at
700–01.  After concluding that rule 21a applied to the service of expert
reports, the court in Kendrick held that the methods of delivery
attempted by the plaintiff were unauthorized.  Id. at 704.  The court
also stated that a certificate of service that was filed by the plaintiff’s
counsel after the defendants filed motions to dismiss did not raise a
presumption of receipt because the certificate was not contemporaneously
executed “on the filed instrument” as required by rule 21a.  Id. (citing
Mathis v. Lockwood, 166 S.W.3d 743, 745 (Tex. 2005)).

          As
appellant recognizes, the facts in Kendrick are distinct from the facts
in this appeal.  Appellant does not contend that the certificate of service in
this case was not executed “on the filed instrument”; instead, he argues that
the certificate was defective because it stated that appellee served the report
by facsimile on November 22, when by the effect of rule 21a, the service by
facsimile was deemed to have occurred on November 23.  See Tex. R. Civ.
P. 21a (“Service by telephonic document transfer after 5:00 p.m. local time of
the recipient shall be deemed served on the following day.”).  But unlike rule
21a’s expressed requirement that the certificate of service be executed on the
instrument, the rule does not require a certificate of service to specify the method
of service.  Approximately $14,980.00 v. State, 261 S.W.3d 182, 187
(Tex. App.—Houston [14th Dist.] 2008, no pet.); Smith v. Mike Carlson Motor
Co., 918 S.W.2d 669, 673 (Tex. App.—Fort Worth 1996, no writ).  Thus,
because rule 21a does not require a statement about the method of service to be
included in a certificate of service, we conclude that the legally incorrect but
superfluous statement in appellee’s certificate of service about the date of
one of the two attempted methods of service does not negate the prima facie
presumption, created by the certificate, of proper service by certified mail on
November 22.

          Next,
we reject appellant’s contention that under the facts of this case, the
November 23 postmark overcame the prima facie presumption, created by the
certificate of service, that service by certified mail occurred on November 22. 
Appellant cites a statute and a rule of civil procedure to contend that a
postmark provides prima facie evidence of the date of mailing.  Both of these
authorities, however, relate to issues other than the proper and timely service
of documents on other parties.  See Tex. Civ. Prac. & Rem. Code Ann.
§ 136.001 (West 2011) (explaining that when registered mail is required by
law, certified mail with return receipt requested will suffice if the certified
mail is validated with a postmark); Tex. R. Civ. P. 5 (stating, in the
context of filing a document with a clerk, that a legible postmark is prima
facie evidence of the date of mailing).[6]  Also, neither of these
authorities purport to alter rule 21a’s unambiguous language that service
by certified mail is “complete upon deposit of the paper, enclosed in a
postpaid, properly addressed wrapper, in a post office or official depository.” 
Tex. R. Civ. P. 21a; see also Pentico v. Mad-Wayler, Inc., 964
S.W.2d 708, 718 n.7 (Tex. App.—Corpus Christi 1998, pet. denied) (“Although the
rules of procedure view postmarks as prima facie evidence of the date of
mailing for purposes of filing documents with the court, . . . postmarks
are not conclusive evidence of the date an item was mailed in other contexts.”).

          We
recognize that the supreme court has held that the presumption of service under
rule 21a from a party’s certificate of service “vanishes when opposing
evidence is introduced that [a document] was not received.”  In re
E.A., 287 S.W.3d 1, 5 (Tex. 2009) (emphasis added) (quoting Cliff,
724 S.W.2d at 780); see also Tex. R. Civ. P. 21a (“Nothing herein
shall preclude any party from offering proof that the notice or instrument was
not received . . . .”) (emphasis added).  But it is undisputed that
appellant received, through certified mail, appellee’s expert report, so the
rule expressed in E.A. and in Cliff seems inapplicable.  Moreover,
we cannot conclude that the postmark in this case outweighs the prima facie presumption
of timely service because the postmark is equally as consistent with a
late-in-the-evening November 22 mailing as it is with a November 23
mailing.  In fact, when considering appellant’s concession that appellee
delivered the expert report by facsimile late on the night of November 22,
which tends to show that appellee was attempting service of the report at that
time, the postmark may be more consistent with a November 22 mailing.  We
conclude that at the most, under rule 21a, the November 23 postmark
presented the trial court with an inference that possibly conflicted with the
prima facie presumption that appellee mailed the expert report on November 22. 
A trial court does not abuse its discretion, however, when it bases its
decision on conflicting evidence and when some evidence of substantive and
probative character supports the decision.  See H.E.B., L.L.C. v. Ardinger,
369 S.W.3d 496, 520 (Tex. App.—Fort Worth 2012, no pet.).

          Finally,
although appellant cites four cases in which he asserts that courts of appeals
required plaintiffs in health care liability claims to present evidence of timely
service, none of the plaintiffs in those cases benefited from the prima facie
presumption created by a proper certificate of service that was executed on the
served instrument.  See Strobel v. Marlow, 341 S.W.3d 470, 476–77 (Tex.
App.—Dallas 2011, no pet.); Yilmaz v. McGregor, 265 S.W.3d 631, 636–40
(Tex. App.—Houston [1st Dist.] 2008, pet. denied); Patel v. Williams, No.
11-06-00254-CV, 2007 WL 632989, at *3–4 (Tex. App.—Eastland Mar. 1, 2007,
no pet.) (mem. op.) (holding that when there was conflicting evidence about the
date of service, the trial court did not abuse its discretion by concluding
that the report was timely served); Kendrick, 171 S.W.3d at 704.

          For
all of these reasons, we hold that under rule 21a, appellee’s certificate
of service constituted prima facie evidence that he served the expert report on
appellant on November 22, and that under the facts of this case, appellant’s
evidence of a postmark of November 23 did not obligate the trial court to
find that the prima facie presumption had been overcome.[7] 
See Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992) (stating that to
establish an abuse of discretion on a trial court’s resolution of a factual
issue, a party must show that the “trial court could reasonably have reached
only one decision”).  Thus, we conclude that the trial court did not abuse its
discretion by finding that appellee served the expert report on November 22
and by overruling appellant’s motion to dismiss appellee’s health care
liability claim.  See Foster, 303 S.W.3d at 837.  We overrule
appellant’s only issue.

Conclusion

          Having
overruled appellant’s issue, we affirm the trial court’s order denying
appellant’s motion to dismiss.

 

 

 

TERRIE LIVINGSTON

CHIEF JUSTICE

 

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and
GARDNER, JJ.

 

DELIVERED: 
December 6, 2012









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Civ. Prac.
& Rem. Code Ann. § 74.351(a)–(b) (West 2011).





[3]Appellee also stated that
he faxed the expert report to appellant on the night of November 22, but
appellee conceded that this service was untimely because it occurred after
5 p.m.  See Tex. R. Civ. P. 21a.  Appellant admits in his
brief that he received the facsimile at 10:45 p.m. on November 22, and we
will take this admission as true.  See Tex. R. App. P. 38.1(g) (“The
brief must state concisely and without argument the facts pertinent to the
issues or points presented.  In a civil case, the court will accept as true the
facts stated unless another party contradicts them.”).





[4]See Tex. Civ. Prac.
& Rem. Code Ann. § 51.014(a)(9) (West Supp. 2012).  In the trial
court, appellant also filed a motion to dismiss appellee’s suit on the ground
that the expert report that appellee had served was substantively inadequate. 
The record does not contain an order resolving appellant’s motion to dismiss
based on the content of the expert report that appellee served.  This appeal
concerns only appellant’s motion to dismiss based on the allegedly untimely
service of the report.





[5]Expert reports must
provide a fair summary of “the expert’s opinions as of the date of the report
regarding applicable standards of care, the manner in which the care rendered
by the physician or health care provider failed to meet the standards, and the
causal relationship between that failure and the injury, harm, or damages
claimed.”  Tex. Civ. Prac. & Rem. Code Ann. § 74.351(r)(6); Foster,
303 S.W.3d at 837.





[6]Similarly, the cases cited
by appellant, which relate to the “mailbox rule” for filing documents, rather
than rule 21a’s service standards, are inapposite.  See, e.g., Alvarez
v. Thomas, 172 S.W.3d 298, 301–02 (Tex. App.—Texarkana 2005, no pet.); Tex.
Beef Cattle Co. v. Green, 862 S.W.2d 812, 813–14 (Tex. App.—Beaumont 1993,
order).





[7]We note that the supreme
court has stated that an “inference established prima
facie . . . is overcome, together with the evidentiary
facts tending to establish it, only when the evidence tending to support the
contrary inference is conclusive, or so clear, positive and disinterested that
it would be unreasonable not to give effect to it as conclusive.”  Greenwade,
138 Tex. at 457, 159 S.W.2d at 858; see Texaco, Inc. v. Phan, 137 S.W.3d
763, 767 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (applying the standard
expressed in Greenwade).  We have not found any cases in which the issue
on appeal was whether the service (not filing) of a document was timely and in
which a court held that a postmark required more weight than the prima facie
presumption created by a certificate of service.  Cf. Hausmann v. Tex. Sav.
& Loan Ass’n, 585 S.W.2d 796, 801 (Tex. Civ. App.—El Paso 1979, writ
ref’d n.r.e.) (giving more weight to an affidavit about the date of
mailing than a postmark).