**Affirmed and Memorandum Opinion filed October 31, 2023.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-22-00571-CV

---

### REGINA ANN VARKEY, INDIVIDUALLY AND AS THE REPRESENTATIVE OF THE ESTATE OF ANIL C. VARKEY, DECEASED AND AGELINA GINA VARKEY, Appellants

### V.

### MEMORIAL HERMANN HEALTH SYSTEM D/B/A MEMORIAL HERMANN SOUTHEAST HOSPITAL, Appellee

---

**On Appeal from the 11th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-11347**

---

### MEMORANDUM OPINION

Appellants, Regina Ann Varkey and Agelina Gina Varkey, (the "Varkeys"), appeal the trial court's interlocutory order granting appellee's Memorial Hermann Health System d/b/a Memorial Hermann Southeast Hospital's (the "Hospital") Chapter 74 motion to dismiss for failure to timely serve expert reports. *See* Tex. Civ. Prac. & Rem. Code §§ 51.014(a)(9), 74.351(a), (b). We affirm.

# I. Factual and Procedural Background

The Varkeys originally filed their wrongful death action on July 2, 2018 (the First Suit) asserting health care liability claims for the death of Anil Varkey against various health care providers. The Hospital filed its answer on July 27, 2018, which no party disputes triggered the Varkey's 120-day deadline to serve the Hospital with the expert reports required under Chapter 74. *See* Tex. Civ. Prac. & Rem. Code § 74.351(a). On November 21, 2018, 117 days later, the Varkeys voluntarily dismissed their claims against the Hospital.

On February 14, 2019, the Varkeys refiled suit (the Second Suit), asserting health care liability claims against the Hospital based on the same events that served the basis of the First Suit. In the Second Suit, the Varkeys purported to include the expert reports required under Chapter 74, (i.e., the pleading is titled "Plaintiffs' Original Petition, Request for Rule 194 Disclosures and Cpt 74 Expert Reports of Madison Chollett, BSN, RN and Dr. John Darren Clark, M.D., SFHM").[1] At the time of filing, the Varkeys requested that the District Clerk issue service of the new lawsuit and expert reports by certified mail.[2]

On February 26, 2019, the Harris County District Clerk issued the citation for the Second Suit. The poor-quality image in our record indicates that a package may have been postmarked and addressed the same day to the person the Varkeys alleged to be the registered agent of the Hospital. The record indicates the package contained the citation, petition and expert reports and was returned to the

---

[1] Although the Second Suit is entitled "Plaintiffs' Original Petition, Requests for Rule 194 disclosures and CPT.74 Expert Reports of Madison Chollett, BSN, RN and Dr. John Darren Clark, M.D., SFHM," no expert reports appear to have been attached to the Second Suit in the clerk's record.

[2] Although expert reports of Chollett and Clark were apparently not attached to the filing of the Second Suit, we assume, without deciding, that the expert reports were included in package that the Varkeys requested to the served on the Hospital.

Clerk as undeliverable.

Nothing in the record indicates the Varkeys made any other attempt to serve the Hospital with the reports.

The Hospital answered the Second Suit and subsequently filed a motion to dismiss for failure to serve the required Chapter 74 expert report and curriculum vitae. In its motion the Hospital argued that the 120-day period for the Varkeys to serve the Hospital with expert reports had expired and that the Varkeys had not yet served the report. In response, the Varkeys argued among other points, that tolling applied to freeze the running of the 120-day period following their dismissal, that they had properly served the reports when refiling suit by requesting that the Clerk serve the Hospital at its registered agent's address by certified mail, and that the Hospital's failure to receive those reports—returned as undeliverable—owed to the Hospital's fault in failing to "designate and continuously maintain ... a registered office ... where process may be personally served on the entity's registered agent."

On October 3, 2019, the trial court signed an interlocutory order dismissing the Varkeys' health care liability claims against the Hospital.

## II. ISSUES AND ANALYSIS

In their sole issue on appeal, the Varkeys contend that the trial court erred in granting the Hospital's motion to dismiss and argue that service of the report was timely. In their brief they assert:

> The certified mail return receipt requested mailing that was sent by the United States Postal Service to the Appellee was postmarked on February 26, 2019 bearing receipt number 7018 1830 0001 4423 2495 (69-108) and the certified parcel was quickly returned back to the Harris County District Clerk and filed among the official papers of the court's file on March 8, 2019 at 10:00am. Although, the Appellee's Registered Agent did not accept the certified parcel that contained the expert reports, the Appellants can prove beyond a reasonable doubt

3

and to a moral certainty that they complied with Rule 21a and Chapter 74.351 on February 26, 2019.

Thus, on appeal the Varkeys contend that service of Chollett's and Clark's expert reports was accomplished by mail on February 26, 2019, and that such service was timely.

Although typically we review a trial court's ruling on a motion to dismiss under section 74.351 under an abuse of discretion standard, in an appeal such as this—where we consider whether the Hospital was timely served with the expert reports in accordance with section 74.351(a) and the Texas Rules of Civil Procedure, a legal question, we apply a de novo standard of review. *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001); *Univ. of Tex. Med. Branch at Galveston v. Callas*, 497 S.W.3d 58, 62 (Tex. App.— Houston [14th Dist.] 2016, pet. denied); *Nexion Health at Beechnut, Inc. v. Paul*, 335 S.W.3d 716, 718 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

Section 74.351(a) of the Texas Civil Practice and Remedies Code (Section 74.351) requires a health care liability claimant, not later than the 120th day after the filing of the defendant's original answer, to serve "one or more expert reports, with a curriculum vitae of each expert listed in the report for each… health care provider against whom a liability claim is asserted." Tex. Civ. Prac. & Rem. Code § 74.351(a); *Univ. of Tex. Health Sci. Ctr. at Houston v. Joplin*, 525 S.W.3d 772, 778 (Tex. App.—Houston [14th Dist.] 2017, pet. denied). Failure to serve an expert report by the statutory deadline requires mandatory dismissal. *See Zanchi v. Lane*, 408 S.W.3d 373, 376 (Tex. 2013). When a healthcare liability claimant nonsuits a claim governed by Chapter 74 before the expiration of the statutory deadline to serve an expert report and subsequently refiles the claim against the same defendant, the expert-report period is tolled between the date nonsuit was taken and the date the new lawsuit is filed. *CHCA Woman's Hosp., L.P. v. Lidji*,

4

403 S.W.3d 228, 234 (Tex. 2013).[3]

While the parties dispute some facts—whether the expert reports were attached to the Petition, whether the Hospital evaded service, whether either the trial court's belated order granting partial dismissal of the First Suit prevented tolling from beginning, or whether the Hospital was ever served with any report—none are consequential to our analysis. The determinative facts are as follows:

> At the time of their voluntary dismissal of the First Suit against the Hospital, the Varkey's 120-day deadline to serve the Hospital expert reports was tolled indefinitely on Day 117.

> Varkeys refiled their health care liability claims lawsuit against the Hospital on February 14, 2019.

> The Varkeys thus had three days to "serve" the Hospital with the expert reports.

> At the time of refiling, the Varkeys requested and paid the Harris County District Clerk the requisite fees for issuance of citation and for the Hospital (and other Defendants) be served by certified mail with return receipt.

> Tolling ceased and the expert-report deadline resumed, counting forward such that, February 15 became Day 118, February 16 became Day 119, and February 17 became Day 120.

Thus, any attempts to serve the expert reports on or after February 18, 2019 were untimely. Rule 21a provides for four methods of service of every pleading, plea, motion or other form of request, other than citation: (1) by delivery; (2) by

---

[3] We have applied the tolling principles in *Lidji* to renewed health care liability claims filed against parties previously dismissed from a health care liability claim lawsuit that remained pending with other defendants during the tolling period. *Poreddy v. De Solis*, No. 14-22-00306-CV, 2023 WL 5379732, at *4 (Tex. App.—Houston [14th Dist.] Aug. 22, 2023, no pet. h.)(Spain, J., concurring)(applying *Lidji*'s tolling rule applicable to nonsuits to a voluntary partial dismissal, completely dismissing claims against a party but not all parties). Like in *Poreddy*, the parties have treated the original dismissal of their claims (on November 21, 2018) as a Rule 162 "non-suit".

certified or registered mail; (3) by telephonic document transfer; or (4) by such other manner as the court in its discretion may direct. *See Breiten v. Shatery*, 365 S.W.3d 829, 832 (Tex.App.—El Paso, no pet.). The Varkeys argue that they served the expert reports by requesting citation of the Second Suit and reports by certified mail on Feb. 14. However, Rule 21a defines when service is complete: "Service by mail . . . shall be complete upon deposit of the document, postpaid and properly addressed, in the mail . . ." Tex. R. Civ. P. 21a(b)(1). Even assuming that the clerk's office (a) sent the certified mail to the correct address for the Hospital and (b) that expert reports were included in the package of materials mailed to the Hospital, service was still not "completed" by Feb. 17. The clerk's office did not create the citation and the package was not postmarked until Feb. 26, well past the three-day deadline.

The Varkeys could have completed service of the expert reports within the three-day window by any of the methods listed in Rule 21a by hand delivery, mail or fax. They used none of these options. The Varkeys provide no legal support for the proposition that the expert reports were timely "served" on the Hospital by requesting citation and service on Feb. 14 or by the fact that the clerk's office deposited the Second Suit package in the mail on Feb. 26.

With no valid factual contention to support a legal basis for reversing the trial court's order, we cannot sustain the Varkeys argument. Accordingly, we overrule the Varkey's sole issue.

### III. CONCLUSION

Having overruled the sole issue presented for review, we affirm the order of the trial court.

/s/ Randy Wilson
   Justice

Panel consists of Justices Jewell, Spain, and Wilson.