S. Murthy BADIGA, M.D., Petitioner,

v.

Maricruz LOPEZ, Respondent.

No. 05–0801.

Supreme Court of Texas.

Argued Sept. 9, 2008.

Decided Jan. 9, 2009.

R. Brent Cooper, Diana L. Faust, Cooper & Scully, P.C., William Joel Akins, Wilson Elser Moskowitz Edelman & Dicker, Dallas, TX, Steven M. Gonzalez, Edward John Castillo, Gonzalez, Gaytan, Garza & Castillo, L.L.P., McAllen, TX, for Petitioner.

Everto A. Villarreal, Law Office of E.A. Villareal, Jr., Edinburg, TX, for Respondent.

W. Wendell Hall, Fulbright & Jaworski L.L.P., San Antonio, TX, for Amicus Curiae.

Chief Justice JEFFERSON delivered the opinion of the Court, joined by Justice HECHT, Justice O'NEILL, Justice WAINWRIGHT, Justice GREEN, Justice JOHNSON, and Justice WILLETT.

The Civil Practice and Remedies Code requires a health care liability claimant to serve expert reports on providers within 120 days after filing suit. If a claimant does not do so, the trial court "must grant" the provider's motion to dismiss the claim, and the provider may appeal from the court's failure to do so. If the claimant's report is timely but deficient, the trial court may grant a single thirty day extension to cure the deficiency, and the order granting that extension may not be appealed. We decide today whether a provider may immediately appeal when a trial court both denies a motion to dismiss and grants the claimant a thirty day extension, even though no expert report was timely served. We conclude that the statute permits such an appeal.

I

## Factual and Procedural Background

Maricruz Lopez filed a health care liability claim against S. Murthy Badiga, M.D. on October 24, 2003, alleging that Doctor Badiga committed medical malpractice by perforating Lopez's colon during a colonoscopy. Lopez was required to serve an expert report on Dr. Badiga by February 23, 2004—the 120th day after she filed suit. TEX. CIV. PRAC. & REM.CODE § 74.351(a). Because Lopez did not serve a report by February 23, Dr. Badiga moved to dismiss the case. On March 31, Lopez moved for an extension of time to serve the report and filed a second such motion on April 1. On May 18, the trial court extended the deadline to June 18, but did not rule on Dr. Badiga's motion to dismiss. Lopez served the expert report of Dr. Rodolfo Guerrero on June 8. Dr. Badiga then filed a second motion to dismiss, incorporating his first motion and also challenging the adequacy of Dr. Guerrero's report. On August 10, the trial court denied Dr. Badiga's motion to dismiss, and he subsequently filed this interlocutory appeal. The court of appeals dismissed the appeal for want of jurisdiction, concluding that "the substance of the appeal is directed at the legality of the 30–day extension," for which there is no interlocutory appeal. 274 S.W.3d 685. We granted the petition for review.[1] 51 Tex. Sup.Ct. J. 770–71 (Apr. 18, 2008).

1. We have jurisdiction to determine the court of appeals' jurisdiction. *Tex. Dep't of Crimi-*

## II

## Discussion

■ Section 74.351(a) of the Texas Civil Practice and Remedies Code provides that, within 120 days of suit, a claimant must serve expert reports for each physician or health care provider against whom a liability claim is asserted. TEX. CIV. PRAC. & REM.CODE § 74.351(a). If an expert report has not been served within the 120 day period:

> the court, on the motion of the affected physician or health care provider, shall, subject to [an extension of time for a deficient report], enter an order that:
>
> (1) awards to the affected physician or health care provider reasonable attorney's fees and costs of court incurred by the physician or health care provider; and
>
> (2) dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim.

TEX. CIV. PRAC. & REM.CODE § 74.351(b). If a report "has not been served within [120 days] because elements of the report are found deficient, the court may grant one 30–day extension to the claimant in order to cure the deficiency." Id. § 74.351(c). The defendant has the right to an interlocutory appeal from an order that "denies all or part of the relief sought by a motion under Section 74.351(b), except that an appeal may not be taken from an order granting an extension under Section 74.351." Id. § 51.014(a)(9). So, under the Civil Practice and Remedies Code, an interlocutory appeal is permitted for the denial of a motion to dismiss but not for the grant of an extension to cure a deficient report.

We have never addressed whether interlocutory appeal of the denial of a motion to dismiss under section 74.351(b) is permitted when an extension has been granted even though the claimant served no expert report within the 120 day period. In *Ogletree v. Matthews,* we held that the denial of a motion to dismiss, coupled with the grant of an extension of time to cure a timely but *deficient* expert report, are inseparable for purposes of an appeal. *Ogletree,* 262 S.W.3d 316, 321 (Tex.2007). In such cases, the Legislature's prohibition on appealing extension orders precludes an interlocutory appeal. *Id.*

We noted that, in contrast to the predecessor statute, which allowed a thirty day extension for good cause and a mandatory thirty day "grace period" upon a showing that the failure to file a conforming report was due to accident or mistake and was not intentional or due to conscious indifference, the 2003 statutory amendments created a statute-of-limitations-type deadline within which expert reports must be served. *Id.* at 319. Accordingly, "[i]f no report is served within the 120 day deadline provided by 74.351(a), the Legislature denied trial courts the discretion to deny motions to dismiss or grant extensions, and a trial court's refusal to dismiss may be immediately appealed." *Id.* at 319–20 (citing TEX. CIV. PRAC. & REM.CODE § 74.351(b) (stating that a trial court "shall" dismiss a claim when expert reports are not served within 120 days)); TEX. CIV. PRAC. & REM.CODE § 51.014(a)(9) (authorizing interlocutory appeal of the denial of a motion to dismiss filed under 74.351(b)).

We anticipated the situation presented in this case, noting that several courts of appeals have allowed interlocutory appeals of denied motions to dismiss coupled with extension grants when there is an absence

*nal Justice v. Simons,* 140 S.W.3d 338, 343 (Tex.2004).

of a report, rather than a timely but deficient report. *Id.* at 320 n. 2. We cited the court of appeals' opinion in this case as an example of a court that "has concluded that, notwithstanding the absence of a timely served report, it lacked jurisdiction over the provider's interlocutory appeal." *Id.* (citing 2005 WL 1572273). Because that situation was not presented in *Ogletree,* we expressed no opinion on the propriety of that holding; nevertheless, we made clear that "a deficient report differs from an absent report." *Id.* at 320.

■ In this case, Dr. Badiga's first motion to dismiss alleged that no expert report had been served within the 120 day deadline. At the hearing, Lopez's counsel asserted that the failure to serve an expert report was "not a result of conscious indifference or an intentional act of not filing. It was a mistake...." He noted that before filing the lawsuit, he provided "a substantial portion of the medical records" to Badiga's insurance carrier. Those medical records are not in the appellate record, but at the hearing, Lopez's counsel said that the records include "the doctor's name, information, treatment, everything was in those reports.... They may not have his resume, but they have everything else." Lopez asserts that serving the medical records on the insurance carrier demonstrates that her failure to serve a report was not the result of conscious indifference and that Dr. Badiga could not have been prejudiced. These concerns are no longer relevant, however, in deciding a motion to dismiss when no expert report has been served. *Compare* Act of May 1, 1995, 74th Leg., R. S., ch. 140, § 1, 1995 Tex. Gen. Laws 985, 986, *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, 2003 Tex. Gen. Laws 847, 875, *with* Tex. Civ. Prac. & Rem.Code § 74.351(b).

■ Because no expert report was served within 120 days, this case differs from *Ogletree,* in which a deficient expert report was served within the 120 day period. In *Ogletree,* we held that "the actions denying the motion to dismiss and granting an extension are inseparable" because "if a defendant could separate an order granting an extension from an order denying the motion to dismiss *when a report has been served,* section 51.014(a)(9)'s ban on interlocutory appeals for extensions would be meaningless." *Id.* at 321 (emphasis added). The purpose of the ban on interlocutory appeals for extensions is to allow plaintiffs the opportunity to cure defects in *existing* reports. If a defendant could immediately appeal the denial of his motion to dismiss, the court of appeals would be reviewing the report's sufficiency while its deficiencies were presumably being cured in the trial court.

These policy concerns do not arise when, as here, no report has been served within the 120 day deadline. Allowing immediate appeal of the denial of such a motion to dismiss is appropriate even when the trial court has granted plaintiff's motion to extend time because there is no expert report for the claimant to cure. If an interlocutory appeal were not allowed, a claimant who ignores the 120 day deadline could obtain an unreviewable thirty day extension plus whatever amount of time it took the trial court to rule on the extension motion, which in this case totaled 116 days. This puts a claimant who has made no attempt to comply with the 120 day deadline in at least as good a position as one who attempts to serve a conforming expert report but refuses to meet the statutory guidelines.

■ The exception to section 51.014(a)(9) prohibiting appeal from an order granting an extension under section 74.351 does not apply when no expert report has been served. Except as noted below, in the absence of a timely report,

the trial court cannot properly grant an extension under section 74.351. The trial court may grant an extension in only two circumstances: (1) by written agreement of the parties or (2) to allow a claimant to cure a report's deficiencies. TEX. CIV. PRAC. & REM.CODE §§ 74.351(a), (c). This case involves neither circumstance; there was no agreed extension and no report for which a challenge to adequacy could be lodged. Contrary to the court of appeals' conclusion that "the substance of the appeal is directed at the legality of the 30–day extension," this appeal is not a challenge to the extension. 274 S.W.3d 682. Dr. Badiga properly appealed the denial of his motions to dismiss. He first sought dismissal because Lopez served no report within the 120 day deadline. Dr. Badiga's second motion expressly incorporated the first and added that, in any event, the expert report Lopez subsequently served was deficient. Whether the trial court granted an extension or not, the issue here is whether a case must be dismissed when no expert report is timely served.

## III

### Conclusion

■ A provider may pursue an interlocutory appeal of the denial of a motion to dismiss when no expert report has been timely served, whether or not the trial court grants an extension of time. We reverse the court of appeals' judgment dismissing the appeal for lack of jurisdiction and remand the case for that court to consider the merits of the trial court's denial of Dr. Badiga's motion to dismiss. TEX.R.APP. P. 60.2(d).

Justice BRISTER delivered a dissenting opinion, in which Justice MEDINA joined.

Justice BRISTER, dissenting, in which Justice MEDINA joined.

We held one year ago that an interlocutory appeal cannot be taken from an order granting an extension to cure a *deficient* expert report.[1] Today the Court holds that an interlocutory appeal can be taken from an order granting an extension to cure a *missing* expert report. But the interlocutory-appeal statute makes no such distinction; it simply says that "an appeal may not be taken from an order granting an extension."[2] In the plainest of terms, this statute applies to all extensions—right or wrong, deficient report or no report. As the Court reads into this jurisdictional statute a distinction that is not there, I respectfully dissent.

The plaintiff here did not serve an expert report within 120 days of filing. She sent medical records to the defendant's insurer, but a defendant is entitled to those even before suit is filed.[3] If medical records alone satisfied the expert report requirement, expert reports would never be required.

The defendant moved to dismiss due to the missing report. The trial court responded by granting an extension, during which the plaintiff served a report in which a physician retyped the hospital discharge summary and signed it. The defendant filed a second motion to dismiss, incorporating the arguments from her first motion and adding that the new report was inadequate. The trial court denied the motion without specifying the grounds. The defendant then filed this interlocutory appeal, abandoning any complaint about inadequacy of the report served during the

---

**1.** *Ogletree v. Matthews*, 262 S.W.3d 316, 321 (Tex.2007).

**2.** TEX. CIV. PRAC. & REM.CODE § 51.014(9).

**3.** *See id.* § 74.051.

extension,[4] and complaining only that no report was served during the first 120 days. The court of appeals dismissed the appeal for lack of jurisdiction.[5]

This Court generally cannot review interlocutory appeals.[6] But we can review whether jurisdiction of one was correctly declined by a court of appeals.[7] Those courts have jurisdiction to review interlocutory orders that deny a motion to dismiss, but not those that grant an extension:

> A person may appeal from an interlocutory order of a district court, county court at law, or county court that ... denies all or part of the relief sought by a motion under Section 74.351(b) [providing for dismissal with prejudice and cost awards], except that an appeal may not be taken from an order granting an extension under Section 74.351.[8]

The statutory language is plain enough: interlocutory appeals may be taken from orders *denying dismissal,* but not orders *granting extensions.* Yet this provision has created considerable confusion about when interlocutory review is available. The confusion arises because every order that grants an extension also denies dismissal, at least by implication.

There are two reasons why these orders are inseparable. First, extensions occur only in response to a motion to dismiss; absent such a motion, the case proceeds to trial with no report at all. Second, extensions necessarily imply that the motion to dismiss is denied (at least temporarily), because no case can be extended and dismissed at the same time. Accordingly, the statute creates an apparent conflict because an order that is *not* appealable (granting an extension) also does something that *is* appealable (denying dismissal).

We resolved this conflict in *Ogletree v. Matthews,* holding that an order granting an extension cannot be severed from the accompanying order (explicit or implicit) denying dismissal, as doing so would render the statute meaningless.[9] Treating every extension as a denial of dismissal would make all extension orders immediately appealable—even though the statute expressly says they are not. To give effect to both parts of the statute (as we must),[10] an order granting an extension that expressly or impliedly denies dismissal cannot be severed into separate parts; the whole must be treated as an order granting an extension. Accordingly, we held in *Ogletree* that a defendant cannot appeal when the trial court grants an extension, but must instead wait 30 days and then appeal if the amended report is inadequate.[11]

We did not decide in *Ogletree* whether this same analysis applies when a plaintiff serves no report rather than a deficient

---

4. Dr. Badiga challenged the adequacy of the purported report in the trial court, but made clear in her Reply Brief in the court of appeals that she was "not challenging the adequacy of Plaintiff's expert report through this appeal."

5. —— S.W.3d ——.

6. *See* Tex. Gov't Code § 22.225(b) ("Except as provided by Subsection (c) or (d), a judgment of a court of appeals is conclusive on the law and facts, and a petition for review is not allowed to the supreme court, in ... interlocutory appeals that are allowed by law").

7. *Lewis v. Funderburk,* 253 S.W.3d 204, 206 (Tex.2008); *Ogletree v. Matthews,* 262 S.W.3d 316, 319 n. 1 (Tex.2007).

8. Tex. Civ. Prac. & Rem.Code § 51.014.

9. 262 S.W.3d at 321.

10. Tex. Gov't Code § 311.021(2).

11. 262 S.W.3d at 321.

report,[12] but there is no way to avoid it. If no report is filed but the trial judge grants an extension, the jurisdictional statute plainly says that an interlocutory appeal "may not be taken from an order granting an extension."[13] There is nothing unclear about this statute, and it must be strictly construed.[14] Thus, it does not matter whether an extension is granted because there was no report or a deficient report; it is still an extension and extensions are not immediately appealable.

The Court says the limit on interlocutory review "does not apply when no expert report has been served,"[15] but that conclusion has no support in the statute. The statute bars review of all extensions—right or wrong. The Court distinguishes *Ogletree* based on a policy against appellate review of a report at the same time it is being cured in the trial court, a policy that does not apply when there is no report to review or cure.[16] But appellate courts cannot decide whether an appeal involves no report or a deficient report without reviewing them all. This takes time. Denying review in deficient-report cases has several advantages,[17] all of which are lost if every appeal must be reviewed anyway to decide into which category it belongs.

Moreover, there is no clear line between no-report and deficient-report cases, because the Legislature drew none. To the contrary, the statute treats deficient reports as one type of missing report: "If an expert report *has not been served* within the period specified by Subsection (a) *because elements of the report are found deficient*, the court may grant one 30–day extension to the claimant in order to cure the deficiency."[18] By using the plural word "elements," this statute appears to allow a party to cure a report missing several elements, perhaps even all. So trying to draw a line between deficient and missing reports is like trying to draw a line between "boys" and "people": the words mean different things, but they cannot be treated differently because one is part of the other.

The defendant claims she is not appealing the order of extension but only the order denying her motion to dismiss. But for the reasons noted above the two are "inseparable," as we stated in *Ogletree*.[19] It is true that both orders in *Ogletree* were in the same instrument, while the denial of dismissal here was signed almost three months after the extension. But if two orders are *inseparable*, signing them separately cannot change that result.

And in any event, the plaintiff here served a report during the extension, and the defendant has abandoned any complaint that this report was inadequate. An unchallenged report prevents dismissal,[20] so this case can be dismissed only if this

---

12. *Id.* at 320 n. 2.

13. Tex. Civ. Prac. & Rem.Code § 51.014(9).

14. *Texas A & M Univ. Sys. v. Koseoglu,* 233 S.W.3d 835, 841 (Tex.2007); *Bally Total Fitness Corp. v. Jackson,* 53 S.W.3d 352, 355 (Tex.2001).

15. 274 S.W.3d at 684.

16. *Id.* at 684.

17. *See Ogletree,* 262 S.W.3d at 321 (noting that extensions mean delay of only 30 days, and that reviewing a report's deficiencies at the same time they were being cured was "an illogical and wasteful result").

18. Tex. Civ. Prac. & Rem.Code § 74.351(c) (emphasis added).

19. 262 S.W.3d at 321.

20. *See id.* at 322 (holding order denying dismissal was correct when hospital did not object to adequacy of report).

688

report should be disregarded because extension was improper. No matter how the defendant characterizes her appeal, she is challenging the extension because she must.

The Court is undoubtedly right that denying review here allows the plaintiff and trial court to ignore a procedural requirement the Legislature took great pains to construct. The statute provides that if a report "has not been served" within 120 days, the court "shall" sign an order that "dismisses the claim." [21] Surely most trial judges in Texas would not have granted an extension here, although this case is proof that some would. But if the Legislature wants Texas appellate courts to rein in those few, it must grant them the jurisdiction to do so—rather than expressly denying it as it has done here.

When a trial court grants an extension, it does not matter whether a deficient report *or no report* was served; an interlocutory appeal cannot be taken in either case. As the court of appeals did only what the statute says, I would affirm; because the Court holds otherwise, I respectfully dissent.