02-10-272-CV















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00272-CV

 

 


 
 
 Richard White
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Dr. Michael J. Willenborg, M.D.
 and Columbia Medical Center of Lewisville Subsidiary, L.P. a/k/a Lewisville
 Medical Center
 
 
  
 
 
 APPELLEES 
 
 


 

 

----------

 

FROM THE
158th District Court OF Denton
COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          Appellant Richard White filed a health
care liability claim against Appellees Dr. Michael J.
Willenborg, M.D. and Columbia Medical Center of
Lewisville Subsidiary, L.P. a/k/a Lewisville Medical Center.  White failed to serve Appellees
with an expert report within 120 days of the date he filed suit as required by
chapter 74 of the Texas Civil Practice and Remedies Code.  Both Appellees
moved to dismiss White’s suit.  White
filed a motion requesting an extension of time to serve his expert report; this
motion was also filed after the 120-day deadline. The trial court granted both Appellees’ motions to dismiss, and White perfected this
appeal.

          In two issues, White complains that
the trial court erred by denying his request for additional time to serve an
expert report and that he was entitled to additional time to file his expert
report because he did not receive from Appellees a
full and unaltered copy of his medical records despite Appellees’
statutory duty to provide him with such within forty-five days of receipt of
written notice requesting the records.  See Tex. Civ. Prac.
& Rem. Code Ann. § 74.051(d) (Vernon 2005) (providing that “[a]ll parties shall be entitled to obtain complete and
unaltered copies of the patient’s medical records from any other party within
45 days from the date of receipt of a written request for such records”).  White claims that without a complete and
unaltered copy of his medical records he was unable to obtain an expert report
and should have been granted additional time to serve an expert report on Appellees.[2]

          Unless the date for serving the expert
report is extended by written agreement of the parties, the trial court
possesses a mandatory, nondiscretionary duty to dismiss a health care liability
claim on a defendant’s motion when the plaintiff has failed to serve an expert
report within 120 days of filing his or her original petition.  See
id. § 74.351(b), (c) (Vernon Supp.
2010); Badiga v. Lopez, 274 S.W.3d 681, 684 (Tex. 2009)
(holding trial court has no discretion to grant an extension if no report is
filed by the 120-day deadline); Estate of
Regis ex rel. McWashington v. Harris County Hosp.
Dist., 208 S.W.3d 64, 67 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (rejecting contention that defendant’s failure to provide
copy of medical records entitled plaintiff to equitable extension of time to
serve expert report); see also Lone Star
HMA, L.P. v. Wheeler, 292 S.W.3d 812, 814 (Tex. App.—Dallas 2009, no pet.)
(holding plaintiff not entitled to extension of
120-day deadline to serve expert report despite documented difficulties serving
defendant with citation).

          Based on the appellate record before
us and based on the lack of a written agreement by the parties extending the
deadline for White to serve an expert report, we hold that the trial court did not
abuse its discretion by denying White’s motion for an extension of time to
serve an expert report and that Appellees’ alleged
failure in this particular case to provide a complete and unaltered copy of
White’s medical records to White did not entitle him to additional time to
serve an expert report; we affirm the trial court’s orders granting Appellees’ motions to dismiss.  See
Tex. Civ. Prac. & Rem. Code
Ann. § 74.351(b), (c); Badiga, 274 S.W.3d at
684; Estate of Regis ex rel. McWashington, 208 S.W.3d at
67.  We overrule both of White’s
issues.

 

 

SUE WALKER
JUSTICE

 

PANEL:  LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

 

DELIVERED:  February 24, 2011











          [1]See Tex. R. App. P. 47.4.





[2]At
the hearing on Appellees’ motions to dismiss, White
did not offer evidence concerning the allegation he asserts on appeal—that Appellees did not provide him with a full and unaltered
copy of his medical records.  White
offered no evidence concerning exactly what portions of his medical records he
claimed were incomplete or how the alleged incompleteness caused him to be
unable to obtain an expert report.