

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00121-CV

**WESTOVER CONTINUING CARE CENTER LTD. CO.**
d/b/a Windemere at Westover Hills; Cantex Health Care Centers III, LLC; and Cantex
Continuing Care Network, LLC f/k/a Cantex Senior Communities, LLC,
Appellants

v.

Suzanne Smith **ADAMS**, Independent Executor of the Estate of John Parker Smith, Deceased,
Appellee

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2020CI11249
Honorable Cynthia Marie Chapa, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:        Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Irene Rios, Justice

Delivered and Filed: December 1, 2021

DISMISSED FOR WANT OF JURISDICTION

In the underlying health care liability claim case, the health care provider objected to the

plaintiff's expert reports as "so deficient" that they constituted no report. The trial court sustained

the objections, but it granted a thirty-day extension to cure the deficiencies, and the provider

appealed. Because the reports were merely deficient, the trial court did not abuse its discretion by

granting the extension, and we dismiss this appeal for want of jurisdiction.

## BACKGROUND

In June 2018, John Parker Smith, a paraplegic in his mid-eighties, was a resident of Windemere at Westover Hills, a dba used by Appellant Westover Continuing Care Center Ltd. Co.[1]  While Smith was being assisted by a Westover employee, Smith fell and was injured.  He suffered a fracture of his right hip, which required surgical repair.  However, soon thereafter he underwent more surgeries, and he died in December 2018.

In June 2020, Appellee Suzanne Smith Adams, Smith's daughter and the independent executor of his estate, sued Westover Continuing Care Center Ltd. Co. d/b/a Windemere at Westover Hills; Cantex Health Care Centers III, LLC; and Cantex Continuing Care Network LLC f/k/a Cantex Senior Communities, LLC (Appellants, collectively Westover) for negligence and negligence per se.  Adams timely served two expert reports on Westover: one from Cyndy Minnery, R.N., and one from Omar H. Akhtar, M.D.

Westover objected to aspects of each report, argued that the reports constituted "no report," and moved to dismiss Adams's case.

Adams responded to Westover's objections, and she conditionally moved for a thirty-day extension of time to cure any deficiencies.

The trial court did not rule on Westover's motion to dismiss, but it sustained Westover's objections to both reports, and it granted Adams a thirty-day extension to cure the deficiencies. Westover filed a notice of appeal, and Adams moved to dismiss the appeal for want of jurisdiction.

## PARTIES' ARGUMENTS

In her motion to dismiss this appeal, Adams argues this court lacks jurisdiction because she timely filed an expert report, the trial court had discretion to grant one thirty-day extension to

---

[1] These alleged facts are taken from Adams's petition and expert reports.  Westover does not admit or agree that any of the alleged facts are correct, and we make no determination of the veracity of any alleged facts.

cure the reports' deficiencies, and there is no appealable interlocutory order because the trial court did not deny Westover's motion to dismiss.

Westover argues that Adams's reports were so deficient that they were "no report" under section 74.351, and the trial court abused its discretion by failing to grant Westover's motion to dismiss Adams's suit.

Before we determine whether the expert reports were "no report" or merely deficient, we briefly recite the standard of review and applicable law.

## STANDARD OF REVIEW

"We review a trial court's decision to grant or deny a motion to dismiss based on the adequacy of an expert report for an abuse of discretion." *Abshire v. Christus Health Se. Tex.*, 563 S.W.3d 219, 223 (Tex. 2018) (per curiam) (citing *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 877 (Tex. 2001)); *accord Chhina v. Rodriguez*, No. 04-18-00497-CV, 2018 WL 6793681, at *1 (Tex. App.—San Antonio Dec. 27, 2018, no pet.) (mem. op.).

We review any expert reports under the same standard. *Abshire*, 563 S.W.3d at 223 (citing *Palacios*, 46 S.W.3d at 878).

## APPELLATE REVIEW OF EXTENSION UNDER SECTION 74.351(C)

Generally, we may review an order "den[ying] all or part of the relief sought by a motion under Section 74.351(b), except that an appeal may not be taken from an order granting an extension under Section 74.351(c)." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(9); *accord Loaisiga v. Cerda*, 379 S.W.3d 248, 254 (Tex. 2012); *Seastrunk v. Meza*, No. 04-10-00840-CV, 2011 WL 3502272, at *2 (Tex. App.—San Antonio Aug. 10, 2011) (mem. op.).

But not all extensions under section 74.351(c) will escape appellate review. For example, a trial court abuses its discretion by granting an extension if no report was served or if the report

served was, in legal effect, no report. *See Badiga v. Lopez*, 274 S.W.3d 681, 684–85 (Tex. 2009); *Emeritus Corp. v. Highsmith*, 211 S.W.3d 321, 325 (Tex. App.—San Antonio 2006, pet. denied). In those cases, "[t]he exception to section 51.014(a)(9) prohibiting appeal from an order granting an extension under section 74.351 does not apply." *Badiga*, 274 S.W.3d at 684; *accord Ogletree v. Matthews*, 262 S.W.3d 316, 321 (Tex. 2007).

However, if a timely but deficient report is served and the trial court grants a thirty-day extension, section 51.014(a)(9)'s restriction applies, and we lack jurisdiction. *Scoresby v. Santillan*, 346 S.W.3d 546, 556–57 (Tex. 2011); *Badiga*, 274 S.W.3d at 684–85.

## DISCUSSION

### A. Deficient Report or No Report

"The purpose of [an] expert report requirement is to deter frivolous claims, not to dispose of claims regardless of their merits." *Scoresby*, 346 S.W.3d at 554 (footnote omitted) (citing *Palacios*, 46 S.W.3d at 878).

A document that is timely served may "qualif[y] as an expert report if it contains a statement of opinion by an individual with expertise indicating that the claim asserted by the plaintiff against the defendant has merit." *Id.* at 549; *accord Columbia Valley Healthcare Sys., L.P. v. Zamarripa*, 526 S.W.3d 453, 455 (Tex. 2017).

"If an expert report has not been served . . . because elements of the report are found deficient, the court may grant one 30-day extension to the claimant in order to cure the deficiency." TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(c); *accord Zamarripa*, 526 S.W.3d at 461; *Scoresby*, 346 S.W.3d at 554. For example, "[a]n individual's lack of relevant qualifications and an opinion's inadequacies are deficiencies the plaintiff should be given an opportunity to cure if it is possible to do so." *Scoresby*, 346 S.W.3d at 549; *accord Loaisiga*, 379 S.W.3d at 260.

Applying "[t]his lenient standard avoids the expense and delay of multiple interlocutory appeals and assures a claimant a fair opportunity to demonstrate that his claim is not frivolous." *Scoresby*, 346 S.W.3d at 549; *accord Wolff v. Stores*, No. 04-20-00342-CV, 2020 WL 5646928, at *2 (Tex. App.—San Antonio Sept. 23, 2020, no pet.) (mem. op.).

Under *Scoresby*'s "lenient standard," a trial court may grant "a thirty-day extension to cure deficiencies in an expert report . . . if the report is served by the statutory deadline, if it contains the opinion of an individual with expertise that the claim has merit, and if the defendant's conduct is implicated." *Scoresby*, 346 S.W.3d at 557; *accord Loaisiga*, 379 S.W.3d at 260.

## B.    Reports Timely Served

As we noted above, Adams timely served two expert reports, but the trial court concluded that each report was deficient. It sustained Westover's objections to each report, and it granted Adams a thirty-day extension to cure the deficiencies.

Given Adams's reports were timely served, the next question is whether the reports met *Scoresby*'s lenient standard. They did.

We begin with the nurse's report.

## C.    Nurse's Report

Adams served Westover with a report prepared by Cyndy Minnery, R.N., B.S.N. On appeal, Adams acknowledges that the report had deficiencies, but she insists it met *Scoresby*'s standard.

Westover contends that Nurse Minnery's report was in effect no report because the report did not show Minnery was currently licensed or certified, she was not actively practicing health care, her consulting and teaching experience did not meet the statutory requirements, and her report failed to implicate Westover's conduct.

We do not share Westover's view.

*1. Qualifications*

Under *Scoresby*, Minnery's report had to show she was a person with relevant expertise to opine that Adams's claims against Westover had merit. *See Scoresby*, 346 S.W.3d at 549, 557. Minnery's report stated she has "over 30 years of experience as a registered nurse caring for clients with an emphasis on caring for elderly with dementia."

Her curriculum vitae showed she received her B.S.N. from Indiana University in 1981, she was a Registered Nurse in Indiana from 1981 to 1988, and a Registered Nurse in California from 1988 to 2017. Her other experience includes, inter alia, serving as a Licensed Nursing Home Administrator from 1986 to 1990, a Residential Care Facility for the Elderly (RCFE) Administrator from 2008 to 2017, and owning and operating several RCFEs.

As an RCFE Administrator, she "was responsible for overseeing the management of care for the residents in the facilities and [she] specialized in caring for residents with high acuity needs with multiple comorbidities." She also "assess[ed] residents for appropriate placement and assist[ed] with the development of service plans."

The trial court sustained Westover's objections to Nurse Minnery's qualifications, but by granting the extension, the trial court implicitly determined that the qualifications deficiencies were curable. *See Scoresby*, 346 S.W.3d at 557. We agree that the report meets *Scoresby*'s lenient standard to show Nurse Minnery was a person with relevant expertise. *See id.* ("In no event, however, do we think a claimant's opportunity to cure and a defendant's immediate right to appeal should turn on such fine distinctions, either in an expert's qualifications or in his opinions."); *cf. Seastrunk*, 2011 WL 3502272, at *3; *Christian Care Ctrs., Inc. v. Golenko*, 328 S.W.3d 637, 645 (Tex. App.—Dallas 2010, pet. denied).

*2.      Implicate Defendant's Conduct*

In her report, Nurse Minnery opined that "the care provided to Mr. Smith during the time he was at Windemere Westover Hills was well below the standard of care."  The report describes the measures Westover's staff could have used to prevent Smith's fall, such as a mobility bar, bed rails, two-person assistance, etc., many of which were included in Westover's care plan for Smith. The report asserts that Westover's staff breached its duty of care because it "did not follow the care plan laid out for Mr. Smith.  They allowed him to fall on three separate occasions with the last fall causing a debilitating fracture [and] chronic pain."

The trial court sustained Westover's objections to the report's inadequate articulation of the standards of care or breach, but by granting the extension, the trial court implicitly determined that the report implicated Westover's conduct and the deficiencies were curable.  *See Scoresby*, 346 S.W.3d at 557.  We agree that the report meets *Scoresby*'s lenient standard and implicates Westover's conduct.  *Cf. Thilo Burzlaff, M.D., P.A. v. Weber*, 582 S.W.3d 314, 328 (Tex. App.—San Antonio 2018, no pet.) (concluding that the report implicated the "[defendant's] conduct by stating the breach of various duties"); *Seastrunk*, 2011 WL 3502272, at *3.

*3.      Report Meets* Scoresby *Standard*

The record shows Nurse Minnery's report was served by the statutory deadline, and we conclude (1) "it contains the opinion of an individual with expertise that [Adams's] claim has merit," and (2) the report implicates Westover's conduct.  *See Scoresby*, 346 S.W.3d at 557; *see also Loaisiga*, 379 S.W.3d at 260.

The report was not so deficient as to be no report, and the trial court did not abuse its discretion by granting an extension for Adams to cure the deficiencies in Nurse Minnery's report. *See Wolff*, 2020 WL 5646928, at *3; *Seastrunk*, 2011 WL 3502272, at *3.

**D.** **Doctor's Report**

Adams also served Westover with a report prepared by Omar H. Akhtar, M.D. Adams acknowledges that Dr. Akhtar's report has deficiencies, but she insists it met *Scoresby*'s standard.

Westover does not challenge Dr. Akhtar's expertise, but it contends his report is "no report" because it did not implicate Westover's conduct. "However, one expert need not address the standard of care, breach, and causation; multiple expert reports may be read together to determine whether these requirements have been met." *Abshire*, 563 S.W.3d at 223; *accord Peabody v. Manchac*, 567 S.W.3d 814, 821 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

Further, although Dr. Akhtar's report standing alone is deficient, "an opinion's inadequacies are deficiencies the plaintiff should be given an opportunity to cure if it is possible to do so." *See Scoresby*, 346 S.W.3d at 549. We conclude that it is possible for Adams to cure the deficiencies by corrections to, or replacement of, Dr. Akhtar's report. *See Lewis v. Funderburk*, 253 S.W.3d 204, 208 (Tex. 2008) ("[T]he statute allows a claimant to cure a deficiency, and that requirement like all others may be satisfied by serving a report from a separate expert . . . .").

When read together, the two reports are not so deficient as to be no report, and the trial court did not abuse its discretion by granting an extension for Adams to cure the deficiencies. *See Wolff*, 2020 WL 5646928, at *3; *Seastrunk*, 2011 WL 3502272, at *3.

**E.** **No Appellate Jurisdiction**

The record shows Adams timely served expert reports, the trial court sustained Westover's objections, and it granted a thirty-day extension for Adams to cure the deficiencies. We conclude Adams's reports were merely deficient and able to be cured. Therefore, section 51.014(a)(9)'s prohibition against an appeal from an order granting an extension applies, and we lack jurisdiction in this appeal. *See Scoresby*, 346 S.W.3d at 556–57; *Badiga*, 274 S.W.3d at 684–85.

**F.     Alternative Relief**

Westover argues in the alternative that if we conclude we lack jurisdiction in this appeal, we should convert its appellate brief into a petition for writ of mandamus. We will not.

As *Scoresby* and *Ogletree* explain, the legislature expressly prohibited an appeal "from an order granting an extension under Section 74.351," but Westover may immediately appeal from an order denying its motion to dismiss. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(9); *Scoresby*, 346 S.W.3d at 549 (noting that when a timely but deficient report has been served, "[t]he defendant cannot seek review of [the order granting an extension]"); *Ogletree*, 262 S.W.3d at 320–21 (rejecting interlocutory review of a timely but deficient report as "an illogical and wasteful result" because, inter alia, "the Legislature authorized a single, thirty[-]day extension for deficient reports, [and] health care providers face only a minimal delay before a report's sufficiency may again be challenged and the case dismissed, if warranted").

We deny Westover's request to convert its brief into a petition for writ of mandamus.

### CONCLUSION

The trial court determined Adams's expert reports were deficient, and on appeal, Adams acknowledges those deficiencies. But the trial court implicitly found, and we agree, that the reports were not so deficient as to constitute no report, and they met *Scoresby*'s lenient standard. Thus, the trial court had discretion to grant a thirty-day extension of time for Adams to cure the reports' deficiencies, and the trial court's order granting the extension was not an appealable order.

We grant Adams's motion and dismiss this appeal for want of jurisdiction.

Patricia O. Alvarez, Justice