**Affirmed and Opinion Filed July 6, 2022**



In The
## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-00350-CV

**NATHAN PHILIPP, Appellant**
**V.**
**METHODIST HOSPITALS OF DALLAS D/B/A METHODIST DALLAS
MEDICAL CENTER, Appellee**

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-12429**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Myers

This is an appeal challenging the trial court's order granting appellee
Methodist Hospitals of Dallas d/b/a Methodist Dallas Medical Center's
(Methodist's) motion to dismiss with prejudice appellant Nathan Philipp's
healthcare liability lawsuit. Philipp brings two issues. We affirm the trial court's
order.

### BACKGROUND

On September 3, 2020, appellant Philipp filed health care liability claims
against appellee Methodist, alleging defects in his care and treatment. Methodist
timely filed its original answer on September 28, 2020. Because Philipp's claims

against Methodist are health care liability claims, they are governed by Chapter 74 of the Texas Civil Practice and Remedies Code.

On January 27, 2021, Philipp served on Methodist an expert report and a curriculum vitae from Barbara Sampley, R.N. On February 12, 2021, Methodist timely filed its combined statutory objections to the expert report and curriculum vitae, and a motion to dismiss Philipp's suit for failure to comply with Chapter 74. Philipp filed a motion for extension of time to file an expert report on March 15, 2021, and on March 23 Methodist filed an amended motion to dismiss. This filing specifically noted that Philipp's expert report was untimely under Chapter 74, section 74.351, because it was filed after the expiration of the 120-day deadline.

On March 25, 2021, the trial court held a hearing on Methodist's statutory objections, its motion to dismiss, and Philipp's motion for extension. During that hearing, the trial court informed the parties it had signed an order on March 17, 2021, sustaining Methodist's objections and dismissing Philipp's lawsuit. The order states in part that "Plaintiff's expert Barbara Sampley, R.N. does not meet the requirements of an expert witness and that her report is wholly deficient, pursuant to Chapter 74 of the Texas Civil Practice and Remedy [sic] Code." The order dismisses Philipp's claims against Methodist with prejudice. The court also denied Philipp's motion for extension on March 25, 2021, according to the court's docket sheet.

On April 15, 2021, Philipp filed a motion for new trial, to which Methodist replied in opposition on May 10, 2021. Methodist's response stressed that the expert

–2–

report of Barbara Sampley, R.N., was untimely under Chapter 74. Methodist's response included a calendar that counted each of the 120 days Philipp had to timely file an expert report under Chapter 74 and demonstrated that he filed his expert report after the expiration of the 120-day deadline. Philipp subsequently filed this appeal.

## DISCUSSION

Philipp brings two issues, first arguing the trial court erred in denying his motion to extend the time to file an expert report as allowed by section 74.351(c) of the Texas Civil Practice and Remedies Code, and second, that the trial court erred in finding Philipp's expert report was not an objective good faith effort to provide an expert report.

We review a trial court's decision to grant or deny a motion to dismiss under section 74.351 for an abuse of discretion. *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001); *Broxterman v. Carson*, 309 S.W.3d 154, 157 (Tex. App.—Dallas 2010, pet. denied). Under this standard, we defer to a trial court's factual determinations, but review de novo questions of law that involve statutory interpretation and constitutional challenges. *Stockton v. Offenbach*, 336 S.W.3d 610, 615 (Tex. 2011). A trial court has no discretion in determining what the law is or applying the law to the facts. *Univ. of Tex. Med. Branch at Galveston v. Callas*, 497 S.W.3d 58, 62 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)). The trial court's failure to analyze or apply the law correctly is an abuse of discretion. *Id.*

–3–

"To proceed with a health care liability claim, a claimant must comply with the expert report requirement of the Texas Medical Liability Act." *Callas*, 497 S.W.3d at 61 n.1 (citing *Stockton*, 336 S.W.3d at 614); *see Sutker v. Simmons*, No. 05-18-00698-CV, 2019 WL 3001034, at *3 (Tex. App.—Dallas July 10, 2019, pet. denied) (mem. op.). Section 74.351, titled "Expert Report," provides in part:

> In a health care liability claim, a claimant shall, not later than the 120th day after the date each defendant's original answer is filed, serve on that party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted. The date for serving the report may be extended by written agreement of the affected parties. Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the later of the 21st day after the date the report is served or the 21st day after the date the defendant's answer is filed, failing which all objections are waived.

Tex. Civ. Prac. & Rem. Code § 74.351(a). Subsection (b) provides:

> If, as to a defendant physician or health care provider, an expert report has not been served within the period specified by Subsection (a), the court, on the motion of the affected physician or health care provider, shall, subject to Subsection (c), enter an order that:
>
> > (1) awards to the affected physician or health care provider reasonable attorney's fees and costs of court incurred by the physician or health care provider; and
> >
> > (2) dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim.

*Id*. § 74.351(b). Subsection (c) reads as follows:

> If an expert report has not been served within the period specified by Subsection (a) because elements of the report are found deficient, the court may grant one 30-day extension to the claimant in order to cure the deficiency. If the claimant does not receive notice of the court's

–4–

ruling granting the extension until after the applicable deadline has passed, then the 30-day extension shall run from the date the plaintiff first received the notice.

*Id*. § 74.351(c).

Section 74.351 presents "a statute-of-limitations-type deadline within which expert reports must be served." *Ogletree v. Matthews*, 262 S.W.3d 316, 319 (Tex. 2007); *Sutker*, 2019 WL 3001034, at *3. It requires the claimant to serve the expert report and Curriculum Vitae (CV) on the party or the party's attorney by the 120-day deadline. Tex. Civ. Prac. & Rem. Code § 74.351(a); *Sutker*, 2019 WL 3001034, at *3. "Although the deadline can lead to seemingly harsh results, strict compliance with this provision is mandatory." *Sutker*, 2019 WL 3001034, at *3 (citing *Zanchi v. Lane*, 408 S.W.3d 373, 376 (Tex. 2013); *Ogletree*, 262 S.W.3d at 320). "If the claimant does not serve an expert report by the statutory deadline and the parties have not agreed to extend the deadline, the statute requires . . . dismissal of the claim with prejudice 'on the motion of the affected physician or health care provider.'" *Zanchi*, 408 S.W.3d at 376 (quoting § 74.351(b)); *see Sutker*, 2019 WL 3001034, at *3. Thus, if the report is not filed by the deadline, the Legislature has denied trial courts the discretion to grant extensions or deny motions to dismiss, and a trial court's refusal to dismiss may be immediately appealed. *Badiga v. Lopez*, 274 S.W.3d 681, 683 (Tex. 2009) (quoting *Ogletree*, 262 S.W.3d at 319–20); *Sutker*, 2019 WL 3001034, at *3.

In this case, Methodist filed its answer on Monday, September 28, 2020. To

avoid dismissal, Philipp was required to serve the expert report no later than Tuesday, January 26, 2021. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(a); *Sutker*, 2019 WL 3001034, at *3. But Philipp served Sampley's documents on Wednesday, January 27, 2021. Philipp thus failed to serve the expert report within 120 days of Methodist's original answer, and the parties did not enter into a written agreement to extend the statutory deadline. *See, e.g., Badiga v. Lopez*, 274 S.W.3d 681, 685 (Tex. 2009) ("The trial court may grant an extension in only two circumstances: (1) by written agreement of the parties or (2) to allow a claimant to cure a report's deficiencies."). Because Philipp failed to comply with the legal prerequisite to maintaining suit against Methodist, the trial court properly dismissed the lawsuit pursuant to section 74.351. *See Zanchi*, 408 S.W.3d at 376 ("Strict compliance with [section 74.351(a)] is mandatory."); *Scoresby v. Santillan*, 346 S.W.3d 546, 555 (Tex. 2011) ("The Medical Liability Act . . . does not authorize an extension if no report is timely served."); *Badiga*, 274 S.W.3d at 683 ("[I]f no report is served within the 120 day deadline provided by 74.351(a), the Legislature denied trial courts the discretion to deny motions to dismiss or grant extensions, and a trial court's refusal to dismiss may be immediately appealed.") (internal quotation omitted).

We therefore overrule Philipp's issues and affirm the trial court's order granting Methodist's objections and dismissing Philipp's claims against Methodist with prejudice.

210350f.p05

/Lana Myers//
LANA MYERS
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

NATHAN PHILIPP, Appellant

No. 05-21-00350-CV      V.

METHODIST HOSPITALS OF DALLAS D/B/A METHODIST DALLAS MEDICAL CENTER, Appellee

On Appeal from the 14th Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-20-12429. Opinion delivered by Justice Myers. Justices Osborne and Nowell participating.

In accordance with this Court's opinion of this date, the trial court's order granting the defendant's motion to dismiss is **AFFIRMED**.  It is **ORDERED** that appellee METHODIST HOSPITALS OF DALLAS D/B/A METHODIST DALLAS MEDICAL CENTER recover its costs of this appeal from appellant NATHAN PHILIPP.

Judgment entered this 6th day of July, 2022.