# NO. 12-24-00246-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *QUITMAN HOSPITAL, LLC D/B/A UT HEALTH QUITMAN,* <br> *APPELLANT* | § | *APPEAL FROM THE 402ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *W.S., A MINOR BY NEXT FRIEND DUANE STEWART,* <br> *APPELLEE* | § | *WOOD COUNTY, TEXAS* |

### MEMORANDUM OPINION
### PER CURIAM

Appellee, W.S., a minor, by next friend Duane Stewart, sued Appellant, Quitman Hospital, LLC d/b/a UT Health Quitman, claiming to have been falsely imprisoned in the emergency room. According to W.S.'s expert report, his father brought him to the emergency room for a laceration to his head. W.S. also had high blood alcohol levels. The emergency room physician placed an order for "suicide precaution." After W.S.'s wound was repaired, he and his father felt they were subsequently improperly detained and falsely imprisoned, as they were not discharged or allowed to leave until the next day.

W.S. filed the expert report of Shannon Meagher, RN, CLNC pursuant to Chapter 74 of the civil practice and remedies code, after which Quitman filed objections to the report and a motion to dismiss the case.[1] W.S. subsequently filed the supplemental expert report of Dr. Matthew Brams, MD. Quitman again objected. W.S. filed yet another supplement from Dr. Brams. The trial court (1) overruled Quitman's objections, (2) found that Meagher's report was

---

[1] The Texas Medical Liability Act requires that a claimant serve an expert report on each party against whom he asserts a health care liability claim. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (West Supp. 2023).

"timely served and represented an objective good faith effort to comply with the definition of an expert report in Subsection (r)(6)," (3) found the three reports to be timely and that they "taken together, comply with the definition of an expert report in Subsection (r)(6) and satisfy the expert report requirements of Chapter 74," and (4) denied the motion to dismiss but granted W.S. a thirty-day extension. Quitman appealed from this order. W.S. filed a motion to dismiss this appeal on grounds that "a trial court order denying a Section 74.351(b) motion to dismiss that also grants a Section 74.351(c) extension is not appealable."

"A person may appeal from an interlocutory order of a district court, county court at law, statutory probate court, or county court that…denies all or part of the relief sought by a motion under Section 74.351(b), *except that an appeal may not be taken from an order granting an extension under Section 74.351*[.]" TEX. CIV. PRAC. & REM. CODE ANN. 51.014(a)(9) (West Supp. 2023) (emphasis added). "[I]f a deficient report is served and the trial court grants a thirty day extension, that decision—even if coupled with a denial of a motion to dismiss—is not subject to appellate review." *Ogletree v. Matthews*, 262 S.W.3d 316, 321 (Tex. 2007). The Court explained as follows:

> …when a report has been served, the actions denying the motion to dismiss and granting an extension are inseparable. The statute plainly prohibits interlocutory appeals of orders granting extensions, and if a defendant could separate an order granting an extension from an order denying the motion to dismiss when a report has been served, section 51.014(a)(9)'s ban on interlocutory appeals for extensions would be meaningless. We do not think the Legislature contemplated severing the order denying the motion to dismiss from the order granting the extension when it expressly provided that orders granting extensions were not appealable on an interlocutory basis.

*Id*. (internal citations omitted).

In response to W.S.'s motion to dismiss, Quitman argues that the trial court's order constitutes two orders: one granting an extension and the other finding that the reports are sufficient. Quitman maintains, "It is from that *final resolution* of the issue—after the extension was granted and later reports were considered that this appeal is taken." Quitman attempts to distinguish *Ogletree* as follows:

> In *Ogletree*, the plaintiff filed a potentially deficient report. The trial court denied a motion to dismiss but granted 30 days to cure. The Supreme Court reasoned that it would be fruitless to consider the objections to the first report without the opportunity for the plaintiff to cure the defects. It noted that "[i]f a defendant could immediately (and prematurely) appeal, the court of appeals would address the report's sufficiency while its deficiencies were presumably being cured at the trial court level, an illogical and wasteful result."

> This case does not present that inefficiency. In this case, the trial court found that the Appellee had *already complied* with the extended period and that the reports filed under that extended period, taken together with the original, timely report, satisfied statutory requirements.
>    There is nothing left to decide. The inefficiency Ogletree describes runs in the other direction here. The trial [court] *has already* ruled on the reports under the extended period. An appeal now is appropriate as opposed to a cumbersome procedure to require the trial court to hold the same hearing it already held and find the same reports it already found compliant to be compliant.

According to Quitman, "a report can be timely but constitute no report at all because it utterly lacks crucial information." Quitman argues that Meagher's report lacked a causation opinion, and she is unqualified to opine as to physician conduct. Thus, Quitman posits that there was essentially no report at all, and the trial court could grant no extension.

Since ***Ogletree***, the Texas Supreme Court has held that a "provider may pursue an interlocutory appeal of the denial of a motion to dismiss when *no expert report* has been timely served, whether or not the trial court grants an extension of time." ***Badiga v. Lopez***, 274 S.W.3d 681, 685 (Tex. 2009) (emphasis added). Further, if a document served on a defendant is so lacking in substance that it does not qualify as an expert report, an immediate appeal from the denial of a motion to dismiss is available under ***Badiga***. ***Scoresby v. Santillan***, 346 S.W.3d 546, 555 (Tex. 2011). Accordingly, whether this Court possesses jurisdiction over this appeal depends on whether W.S.'s reports are so deficient as to constitute no report at all, thereby allowing an interlocutory appeal regardless of the trial court's extension.

At this stage, only Nurse Meagher's multi-page report is in the appellate record. In ***Scoresby***, the Texas Supreme Court held that a "a document qualifies as an expert report if it contains a statement of opinion by an individual with expertise indicating that the claim asserted by the plaintiff against the defendant has merit." *Id*. at 549. "An individual's *lack of relevant qualifications* and an opinion's *inadequacies* are deficiencies the plaintiff should be given an opportunity to cure if it is possible to do so." *Id*. (emphasis added).[2] "This lenient standard avoids the expense and delay of multiple interlocutory appeals and assures a claimant a fair opportunity to demonstrate that his claim is not frivolous." *Id*. A "thirty-day extension to cure deficiencies in an expert report may be granted if the report is served by the statutory deadline, if it contains the opinion of an individual with expertise that the claim has merit, and if the

---

[2] We also note that the Texas Supreme Court rejected a contention that "the 30–day extension in section 74.351(c) allowing a claimant to 'cure the deficiency' permits only amendments by the original expert rather than substitutions by a new one." **Lewis v. Funderburk**, 253 S.W.3d 204, 208 (Tex. 2008) ("statute allows a claimant to cure a deficiency … that requirement like all others may be satisfied by serving a report from a separate expert").

defendant's conduct is implicated." *Id*. at 557. "All deficiencies, whether in the expert's opinions or qualifications, are subject to being cured before an appeal may be taken from the trial court's refusal to dismiss the case." *Id*.

If Meagher's report meets the ***Scoresby*** standard, the trial court's order denying Quitman's motion to dismiss and granting an extension is not appealable. *See id*. at 549 (affirming appellate court dismissal for want of jurisdiction where expert report met this test; therefore, order allowing thirty days to cure deficiencies and denying defendants' motions to dismiss was not appealable). We conclude that it does. There appears to be no dispute that Meagher's report was timely filed. Moreover, Meagher set forth her expertise: she (1) is a licensed, registered nurse, (2) has been a nurse since 2011, (3) worked in the hospital setting for most of her career, including emergency care, psychological emergencies and care, trauma resuscitation, surgical care, post-operative care, among other clinical nursing services, (4) holds numerous certificates, and (5) served as an expert nursing consultant with the California Board of Registered Nursing in Sacramento, during which she performed extensive factual case reviews to determine whether a California nurse violated or deviated from the applicable standard of care and reported/served as a consultant for the California Attorney General's Office and the Enforcement Division of the Board of Registered Nursing. She is currently a "nursing consultant where I review facts, testimony, records and other evidence in private legal matters to determine whether a nurse or nonphysician hospital staff deviated from or violated applicable standards of care." Meagher further set forth the standard of care and opined that the conduct of Quitman's nursing and physician staff "fell below the standard of care, and such substandard, incompetent care was a substantial factor in causing and contributing to unwarranted CPS involvement, mental anguish, humiliation, shame, fright, and mistrust of the healthcare system." She explains what Quitman and its staff failed to do to comply with the standard of care. This is sufficient to meet the lenient standard set forth in ***Scoresby***.[3] *See id*. at 557 (report was deficient for failure to state standard of care but met ***Scoresby*** standard because "[c]laiming expertise as a neurologist, [expert] described the injury to Samuel's brain, ascribed it to the Physicians' breach of the standards of care, and stated that their breach caused Samuel's partial paralysis and other lingering debilities").

---

[3] This opinion is not to be construed as an evaluation of the adequacy of Meagher's qualifications or opinions.

Because Meagher's report complies with the lenient *Scoresby* standard, we cannot conclude that her report is so lacking in substance that it does not qualify as an expert report.[4] Consequently, Section 51.014(a)(9) applies, and we lack jurisdiction over the appeal. *See Envision Radiology Tex., LP v. Trader*, No. 05-20-00529-CV, 2022 WL 2826896, at *4 (Tex. App.—Dallas July 20, 2022, no pet.) (mem. op.) (dismissing for want of jurisdiction where report satisfied *Scoresby* standard and court granted extension); *see also Westover Continuing Care Ctr., Ltd. Co. v. Adams*, No. 04-21-00121-CV, 2021 WL 5605286, at *3-4, 5 (Tex. App.—San Antonio Dec. 1, 2021, no pet.) (mem. op.) (same); *Pharmacy Healthcare Solutions, Ltd. v. Pena*, 530 S.W.3d 169, 176 (Tex. App.—Eastland 2015, pet. denied) (same). Accordingly, we *grant* W.S.'s motion to dismiss and *dismiss* the appeal for *want of jurisdiction*.

Opinion delivered August 29, 2024.
*Panel consisted of Worthen, C.J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

---

[4] The trial court concluded that Meagher's report represented an objective good faith effort to comply with the definition of an expert report. Given this finding, it is unclear the basis for the trial court's decision to grant an extension. Nevertheless, Meagher's lack of relevant qualifications and any inadequacies in her opinion are deficiencies W.S. should be given an opportunity to cure. And by granting W.S. an extension, the trial court implicitly found that deficiencies in the report could be cured. *See Westover Continuing Care Ctr., Ltd. Co. v. Adams*, No. 04-21-00121-CV, 2021 WL 5605286, at *3-4 (Tex. App.—San Antonio Dec. 1, 2021, no pet.) (mem. op.). A trial court should err on the side of granting additional time and must grant it if the deficiencies are curable. *See Scoresby v. Santillan*, 346 S.W.3d 546, 549 (Tex. 2011).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 29, 2024**

**NO. 12-24-00246-CV**

**QUITMAN HOSPITAL, LLC D/B/A UT HEALTH QUITMAN,**
Appellant
V.
**W. S. A MINOR BY NEXT FRIEND DUANE STEWART,**
Appellee

Appeal from the 402nd District Court
of Wood County, Texas (Tr.Ct.No. 2023-657)

THIS CAUSE came to be heard on the appellate record and the motion to dismiss filed by W.S., a minor by next friend Duane Stewart; and the same being considered, it is the opinion of this Court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that the motion to dismiss be **granted** and that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*